DELL, Chief Judge.
Appellant contends the trial court erred when it permitted appellee to defend a civil theft action and assert a counterclaim for breach of contract after appellee had been adjudicated guilty in connection with his plea of nolo contendere to a related criminal charge. We find no error and affirm.
David Cohen was employed as a sales representative for Starr Tyme, Inc., a wholesale shoe importer. Starr Tyme authorized Cohen’s use of a corporate credit card for business purposes and permitted him to charge personal expenses provided he reimburse the company. In January 1988, Cohen received a $6,234 shoe order from Future Nails, Inc. The shoes were delivered but the order remained unpaid. Starr Tyme then asked Cohen to collect the balance owed. Cohen collected the entire amount due from the purchaser but remitted $2,671.50 to Starr Tyme. Starr Tyme subsequently learned Cohen had been paid in full and had given Future Nails a signed receipt reflecting complete payment. Starr Tyme also discovered Cohen gave Future Nails two allegedly unauthorized discounts which reduced Future Nails’ account balance from approximately $6,000 to $5,671.50. Starr Tyme paid Cohen a $655 sales commission but demanded payment of the $3,000 paid by Future Nails. Cohen refused, alleging Starr Tyme withheld payment of his sales commissions and certain business expenses. Cohen advised his employer he would pay over the remaining $3,000 once Starr Tyme paid him in full for his services. Additionally, two of Cohen’s checks written to reimburse Starr Tyme for personal expenses charged on his credit card were returned for insufficient funds. Starr Tyme notified the authorities and the state subsequently charged Cohen with grand theft.
Pursuant to a negotiated plea, Cohen pled nolo contendere to petit theft, a misdemean- or, and agreed to pay restitution to Starr Tyme. Cohen claims he pled nolo contende-re in order to avoid the cost of a felony trial. The trial court adjudicated him guilty of petit theft, ordered him to pay $3,000 in restitution and sentenced him to one day imprisonment with credit for time served. Starr Tyme later sued Cohen for civil theft, conversion, breach of fiduciary duty, unauthorized use of a credit card and conversion. Cohen counterclaimed for breach of contract and sought an accounting of funds owed him in his capacity as a salesman.
Starr Tyme moved in limine to preclude Cohen from offering evidence to establish his defense to the civil theft claim. In doing so, it relied on section 772.14, Florida Statutes (1991), Florida’s collateral estoppel statute which addresses civil remedies for criminal acts. The trial court denied its motion.
After a nonjury trial the court found, “At no time did David Cohen commit a theft of funds from ... Starr Tyme, Inc. nor convert to his own use any such funds.” The trial court denied Starr Tyme relief other than its claim for unauthorized use of a credit card. Instead, the trial court entered judgment in favor of Cohen on his counterclaim in the amount of $7,989.49. This amount was then offset by certain credit card and other charges leaving Cohen a judgment in the net amount of $4,591.36.
Appellant argues sections 772.14 and 775.089(8), Florida Statutes (1991), preclude appellee’s recovery in the civil action. Those sections provide:
772.14 Estoppel of defendant. — A final judgment or decree rendered in favor of the state in any criminal proceeding concerning the conduct of the defendant which forms the basis for a civil cause of action under this chapter, or any criminal proceeding under chapter 895, shall estop the defendant in any action brought pursuant to this chapter as to all matters as to which such judgment or decree would be an es-toppel as if the plaintiff had been a party in the criminal action.
775.089 Restitution.—
[[Image here]]
(8) The conviction of a defendant for an offense involving the act giving rise to restitution under this section shall estop the defendant from denying the essential allegations of that offense in any subsequent civil proceeding....
[[Image here]]
*601 The Supreme Court of Florida has determined a prior plea of nolo contendere is not a “conviction” for purposes of a capital offense sentencing proceeding. Garron v. State, 528 So.2d 353 (Fla.1988). In Garron, the court pronounced the legal effect of a nolo plea as follows:
A nolo plea means “no contest,” not “I confess.” It simply means that the defendant, for whatever reason, chooses not to contest the charge. .He does not plead either guilty or not guilty, and it does not function as such a plea.
Id. at 360. Several district courts have also stated “[a] no contest plea ... represents only an accused’s unwillingness to contest charges against him, and does not constitute an admission of guilt and may not be used as direct evidence of guilt in a civil suit or in an administrative proceeding.” Kelly v. Dep’t of Health & Rehabilitative Servs., 610 So.2d 1375, 1377 (Fla. 2d DCA 1992); Wyche v. Fla. Unemployment Appeals Comm’n, 469 So .2d 184 (Fla. 3d DCA 1985). Section 90.410, Florida Statutes, of the Florida Evidence Code provides, “[e]vidence of a plea of guilty later withdrawn; a plea of nolo contendere; or an offer to plead guilty to a criminal charge or any other crime is inadmissible in any civil or criminal proceeding.” (Emphasis supplied). A guilty plea, on the other hand, is deemed an admission by the defendant of all facts contained in the information. See Paterno v. Fernandez, 569 So.2d 1349 (Fla. 3d DCA 1990), review denied, 581 So.2d 1309 (Fla.1991). One who pleads guilty or is found guilty by a jury has been “convicted” under the provisions of section 775.089(8) even in the absence of an adjudication. Smith v. Bartlett, 570 So.2d 360 (Fla. 5th DCA 1990), review denied, 581 So.2d 1310 (Fla.1991).
We agree with the Eleventh Circuit’s interpretation of 18 U.S.C. § 3664(e) (1985)[1], the federal counterpart to section 775.089(8), Florida Statutes. The court said that under 18 U.S.C. § 3580(e), later renumbered as § 3664(e), “[t]he facts underlying a criminal offense that gives rise to a restitution order will be given collateral estoppel effect only if they were fully and fairly litigated at the criminal trial, or stipulated through a guilty plea.” United States v. Satterfield, 743 F.2d 827, 838 (11th Cir.1984), cert. denied, 471 U.S. 1117, 105 S.Ct. 2362, 86 L.Ed.2d 262 (1985). Moreover, the same court observed, “[a] federal criminal defendant wishing to avoid both a trial and any collateral estoppel effects may ask for court permission to plead nolo contendere. [Fed.R.Crim.P. 11(b) ] & advisory committee note; Fed.R.Evid. 803(22).” In re Raiford, 695 F.2d 521, 523 (11th Cir.1983).[2]
Here, appellee elected to plead nolo con-tendere to avoid defending the felony charge. This resulted in a judgment of conviction being entered without litigation of the underlying facts giving rise to the charge. Application of Satterfield to these facts harmonizes the facial conflict between the Florida Evidence Code and sections 772.14 and 775.-089(8). Accordingly, we affirm.
The matter presented in this appeal, however, involves a question of great public importance and is likely to have a great effect on the proper administration of justice throughout the state. Therefore, we certify the following question to the Supreme Court of Florida:
WHETHER A DEFENDANT WHO PLEADS NOLO CONTENDERE IN A CRIMINAL PROSECUTION IS COLLATERALLY ESTOPPED FROM SEEKING AFFIRMATIVE RELIEF OR DEFENDING A CLAIM IN A SUBSEQUENT CIVIL ACTION UNDER THE PROVISIONS OF SECTIONS 772.14' *602 AND 775.089(8), FLORIDA STATUTES (1991)?
AFFIRMED.
GLICKSTEIN and PARIENTE, JJ., concur.

. 18 U.S.C. § 3664(e), part of the Victim and Witness Protection Act of 1982, provides:
A conviction of a defendant for an offense involving the act giving rise to restitution under this section shall estop the defendant from denying the essential allegations of that offense in any subsequent Federal civil proceeding or State civil proceeding to the extent consistent with the State law, brought by the victim.

. Appellant relies upon Sokoloff v. Saxbe, 501 F.2d 571 (2d Cir.1974), Noell v. Bensinger, 586 F.2d 554 (5th Cir.1978), Pearce v. U.S. Dep’t of Justice, DEA, 836 F.2d 1028 (6th Cir.1988), and Munnelly v. U.S. Postal Serv., 805 F.2d 295 (8th Cir.1986). We find these decisions unpersuasive.