659 So.2d 1064 (1995)
STARR TYME, INC., Petitioner,
v.
David COHEN, Respondent.
No. 84060.
Supreme Court of Florida.
August 31, 1995.
*1065 Lauri Waldman Ross of Maland & Ross, Miami; and Bruce J. Benenfeld, Sunrise, for petitioner.
Joseph A. Murphy III, Fort Lauderdale, for respondent.
KOGAN, Justice.
We have for review Starr Tyme, Inc. v. Cohen, 638 So.2d 599 (Fla. 4th DCA 1994), wherein the District Court certified the following as a question of great public importance:
WHETHER A DEFENDANT WHO PLEADS NOLO CONTENDERE IN A CRIMINAL PROSECUTION IS COLLATERALLY ESTOPPED FROM SEEKING AFFIRMATIVE RELIEF OR DEFENDING A CLAIM IN A SUBSEQUENT CIVIL ACTION UNDER THE PROVISIONS OF SECTIONS 772.14 AND 775.089(8),[1] FLORIDA STATUTES (1991)?
638 So.2d at 601-02.[2] The certified question comes to us in the following context.
The Respondent, David Cohen ("Cohen"), was employed as a sales representative for the Petitioner, Starr Tyme, Inc. ("Starr Tyme"), a wholesale shoe importer. Cohen received full payment for a shoe order, but only remitted part of the amount received to Starr Tyme. Cohen claimed that he would pay the remaining $3000 when Starr Tyme paid him for past sales commissions and certain *1066 business expenses. Additionally, Cohen wrote two checks to Starr Tyme as reimbursement for personal expenses charged on the corporate credit card; these checks were returned for insufficient funds. As a result of these two incidents, Cohen was charged with grand theft.
Pursuant to a negotiated plea, Cohen pled nolo contendere to petit theft  a second-degree misdemeanor under section 812.014, Florida Statutes (1989)  and agreed to pay restitution to Starr Tyme. The trial court adjudicated Cohen guilty, ordered him to pay $3000 in restitution and sentenced Cohen to one day in jail with credit for time served. Subsequently, Starr Tyme brought a civil suit for conversion, breach of fiduciary duty, unauthorized use of a credit card and civil theft under section 772.11, Florida Statutes (1991).[3] Cohen counter-claimed for breach of contract and sought an accounting of funds owed him.
The trial court denied a motion in limine filed by Starr Tyme to prevent Cohen from defending against its civil theft claim. The motion was based on Florida's civil remedies for criminal practices estoppel statute, section 772.14, Florida Statutes (1991).
In the subsequent non-jury trial, the court found that Cohen did not commit a theft of funds or convert funds from Starr Tyme. The court awarded Starr Tyme relief only for its claim of unauthorized use of a credit card. Furthermore, the trial court entered judgment in favor of Cohen on his counter-claim. When that judgment was offset by the credit card charges, Cohen was left with a net judgment of $4,591.36.
On appeal, the district court affirmed, holding that the final judgment entered in the criminal case did not collaterally estop Cohen from defending against the civil claim. Relying on United States v. Satterfield, 743 F.2d 827, 838 (11th Cir.1984), cert. denied, 471 U.S. 1117, 105 S.Ct. 2362, 86 L.Ed.2d 262 (1985), the district court reasoned that Cohen was not estopped by the prior judgment of conviction because the judgment, which was based on his plea of nolo contendere, was entered without a determination of the essential facts giving rise to the criminal charge. 638 So.2d at 601. Recognizing that this case presents a question of great public importance, the district court then certified the above question for our consideration.
Before addressing the question certified, we limit its scope to conform with the facts of this case.[4] The question is rephrased as follows:
WHETHER A DEFENDANT WHO IS ADJUDICATED GUILTY PURSUANT TO A PLEA OF NOLO CONTENDERE IN A CRIMINAL PROSECUTION IS COLLATERALLY ESTOPPED FROM SEEKING AFFIRMATIVE RELIEF OR DEFENDING A CLAIM IN A SUBSEQUENT CIVIL ACTION UNDER THE PROVISIONS OF SECTION 772.14, FLORIDA STATUTES (1991).
We answer the question as rephrased in the affirmative and hold that a defendant who is adjudicated guilty pursuant to a plea of nolo contendere in a criminal prosecution is collaterally estopped from seeking affirmative relief in or defending against a chapter 772 civil claim that is based on the same conduct that resulted in the prior criminal charges. Our holding is based on the plain language of section 772.14, Florida Statutes (1991),[5] and the requirements of Florida *1067 Rule of Criminal Procedure 3.172(a).[6]
Section 772.14 is a codification of the doctrine of collateral estoppel. Collateral estoppel, which is also known as estoppel by judgment, serves as a bar to relitigation of issues that have been determined by a valid judgment. Stogniew v. McQueen, 656 So.2d 917 (Fla. 1995). Florida has long required that there be a mutuality of parties in order for the doctrine to be applied. See, e.g., Yovan v. Burdine's, 81 So.2d 555 (Fla. 1955). The rule in Florida has been that unless both parties are bound by the prior judgment, neither can use the judgment as an estoppel against the other in a subsequent action. This is particularly true when the doctrine is used offensively, that is, by a plaintiff to estop a defendant from relitigating issues that the defendant litigated and lost in a prior proceeding against another plaintiff. Stogniew; Zeidwig v. Ward, 548 So.2d 209 (Fla. 1989); Trucking Employees of North Jersey Welfare Fund, Inc. v. Romano, 450 So.2d 843 (Fla. 1984). This rule of mutuality precluded the victim of a crime from using a criminal conviction to estop the defendant from contesting the facts underlying the conviction in a subsequent civil action. Romano, 450 So.2d at 845.
Section 772.14 abrogates the requirement of mutuality of parties in the context of civil actions brought by crime victims under chapter 772. Stogniew; Board of Regents v. Taborsky, 648 So.2d 748, 754 (Fla. 2d DCA 1994), review denied, 654 So.2d 920 (Fla. 1995). The statute abrogates the requirement by allowing a plaintiff in a chapter 772 civil suit to use as an estoppel a "final judgment or decree rendered in favor of the state" in a prior criminal proceeding that concerned the conduct at issue in the civil action. Thus, the question we are asked to resolve here is whether a final judgment of conviction entered pursuant to a plea of nolo contendere is a "final judgment" within the meaning of section 772.14.
We have repeatedly explained that when the language of a statute is unambiguous and conveys a clear and ordinary meaning, there is no need to resort to other rules of statutory construction; the plain language of the statute must be given effect. See, e.g., Polakoff Bail Bonds v. Orange County, 634 So.2d 1083, 1084 (Fla. 1994); Streeter v. Sullivan, 509 So.2d 268, 271 (Fla. 1987); Holly v. Auld, 450 So.2d 217, 219 (Fla. 1984). Under the plain language of section 772.14, all that is necessary to collaterally estop a defendant in a chapter 772 civil suit is "a final judgment or decree rendered in favor of the state" in a prior prosecution addressing the conduct at issue in the civil suit.
It is clear that a final judgment in favor of the State was rendered in this case. Cohen was adjudicated guilty of petit theft under section 812.014 in a judgment entered on May 1, 1990. This judgment of conviction was a "final judgment" despite the fact that it was entered pursuant to a plea of nolo contendere. Accord Doney v. State, 648 So.2d 799 (Fla. 4th DCA 1994) (final judgment of conviction entered pursuant to plea of nolo contendere), review denied, 659 So.2d 272 (Fla. 1995); Doyle v. State, 644 So.2d 1041 (Fla. 3d DCA 1994) (same); Wheatley v. State, 629 So.2d 896 (Fla. 1st DCA 1993) (same). A "final judgment" is not exempt from the plain language of the estoppel statute simply because it was entered pursuant to a plea of nolo contendere. Moreover, the district court's concern that the judgment of conviction was entered without a determination of the underlying facts giving rise to the charge is misplaced.
The district court appears to have based its conclusion on federal decisions addressing the collateral estoppel effect of a judgment of conviction entered pursuant to a nolo plea. See, e.g., Satterfield, 743 F.2d 827 (criminal conviction giving rise to restitution order will not be given collateral estoppel effect if conviction is based on plea of nolo contendere); In re Raiford, 695 F.2d 521 (11th Cir.1983) *1068 (federal criminal defendant wishing to avoid collateral estoppel effect of criminal proceeding may plead nolo contendere). However, unlike the Federal Rules of Criminal Procedure,[7] which make no provision for a judicial determination of the factual basis of a nolo contendere plea, the Florida Rules of Criminal Procedure require the trial court to satisfy itself that there is a factual basis for such a plea before it can be accepted. Fla. R.Crim.P. 3.172(a). Thus, in Florida before a defendant can be adjudicated guilty pursuant to a plea of nolo contendere, the facts underlying the offense pled to must be judicially determined. We believe that this requirement affords an adequate safeguard to ensure there has been a reliable determination of the facts underlying a final judgment entered pursuant to a nolo plea. Accord Raiford, 695 F.2d at 521 (Federal Rule of Criminal Procedure 11(f), which provides that federal court cannot enter judgment on guilty plea unless it determines that factual basis for plea exists, provides sufficient safeguard to give collateral estoppel effect to prior judgment based on guilty plea).
The fact section 90.410, Florida Statutes (1991), precludes the admission of a nolo plea in any civil or criminal proceeding does not mandate that we ignore the express language of the civil remedies estoppel statute. There must be a hopeless inconsistency between two statutes before rules of construction are applied to defeat the plain language of one of the statutes in favor of the other. State v. Parsons, 569 So.2d 437 (Fla. 1990). These statutes are not hopelessly inconsistent. Section 90.410 speaks only to the admission into evidence of the plea itself. It does not address the collateral estoppel effect of a final judgment resulting from the plea.
Moreover, even if the two statutes were in irreconcilable conflict, section 90.410 is a general provision of the Florida Evidence Code that was enacted in 1976;[8] whereas, section 772.14 is a later enactment[9] that specifically addresses the issue at hand. See Parsons (when two statutes, whether general or specific, are hopelessly in conflict, the more recent prevails). As noted above, section 772.14 collaterally estops a defendant in a civil action when a final judgment or decree has been entered in favor of the State in a criminal proceeding addressing the same conduct at issue in the civil action. If the legislature intended final judgments predicated on nolo pleas to be excluded from the estoppel provisions of chapter 772, we believe it would have expressly carved out such an exception.
Accordingly, we hold that a defendant who is adjudicated guilty pursuant to a plea of nolo contendere is collaterally estopped from seeking affirmative relief or defending a civil theft claim that is based on the same conduct that gave rise to the prior prosecution. However, the defendant is estopped only as to matters that necessarily were decided in favor of the State in the prior proceeding. What matters were actually decided in the prior proceeding is a question of fact that must be determined on a case-by-case basis. Accord Satterfield, 743 F.2d at 838 (under 18 U.S.C. § 3580(e), renumbered § 3664(e), issues resolved in prior criminal proceeding is factual question to be determined case-by-case). For example, in this case the essential allegations underlying the criminal offense of petit theft necessarily were decided in the prior proceeding.
For our purposes, section 812.014 defines petit theft as the theft of property valued at less than $300. Starr Tyme, therefore, was entitled to use section 772.14 to *1069 establish actual damages of $299.99 in its civil theft claim. However, Starr Tyme had the burden of proving actual damages in a greater amount by clear and convincing evidence and Cohen could defend against a greater claim. § 772.11 (civil theft claim must be proven by clear and convincing evidence).
After hearing the evidence in this case, the trial court found that Cohen had not committed a theft. Thus, Starr Tyme failed to prove actual damages in excess of the $299.99 established in the criminal proceeding. Likewise, the matters addressed in Cohen's counter-claim were not decided in the prior action and therefore Cohen was not precluded from pursuing that claim. Thus, on remand, Starr Tyme is entitled to judgment in the amount of $899.97 (three times the actual damages established in the criminal proceedings). § 772.11. However, that judgment must be offset by the amount already recovered in restitution. See § 775.89(8) (restitution order will not bar subsequent civil remedy or recovery, but the amount of such restitution shall be set off against any subsequent independent civil recovery).[10]
Accordingly, we answer the certified question, as rephrased, in the affirmative, quash the decision under review, and remand for further proceedings consistent with this opinion.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Section 775.089(8) provides that a conviction of an offense giving rise to an order of restitution shall estop the defendant from denying the essential allegations of that offense in any subsequent civil proceeding.
[2] We have jurisdiction pursuant to Art. V, § 3(b)(4), Fla. Const.
[3] Section 772.11, Florida Statutes (1991), provides in pertinent part:

Civil remedy for theft  Any person who proves by clear and convincing evidence that he has been injured in any fashion by reason of any violation of the provisions of ss. 812.12-812.031 has a cause of action for three fold the actual damages sustained. .. .
[4] It appears Starr Tyme based its claim of estoppel at the trial level solely on section 772.14. In its motion in limine, Starr Tyme maintained that section 772.14 precluded Cohen from defending against its civil theft claim. Starr Tyme referred to section 775.089(9) only to argue by analogy that a plea of nolo contendere can result in a "judgment" or "conviction." From our reading of the record, Starr Tyme did not directly rely on section 775.089(9) for its claim of estoppel.
[5] Section 772.14 provides in pertinent part:

A final judgment or decree rendered in favor of the state in any criminal proceeding concerning the conduct of the defendant which forms the basis for a civil cause of action under this chapter ... shall estop the defendant in any action brought pursuant to this chapter as to all matters as to which such judgment or decree would be an estoppel as if the plaintiff had been a party in the criminal action.
[6] Florida Rule of Criminal Procedure 3.172(a) provides in pertinent part:

Before accepting a plea of ... nolo contendere, the trial court shall be satisfied that the plea is voluntarily entered and that there is a factual basis for it.
[7] Federal Rule of Criminal Procedure 11(b) provides:

A defendant may plead nolo contendere only with the consent of the court. Such a plea shall be accepted by the court only after due consideration of the views of the parties and the interest of the public in the effective administration of justice.
Federal Rule of Criminal Procedure 11(f) provides:
Notwithstanding the acceptance of a plea of guilty, the court should not enter judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.
[8] Ch. 76-237, § 1, Laws of Florida.
[9] Section 772.14 was enacted in 1986. Ch. 86-277, § 3, Laws of Fla.
[10] Even if we were to consider the restitution order entered in the prior prosecution a "decree" under section 772.14, the result reached here would be the same. This is so because the facts underlying the criminal offense that gave rise to the restitution order will be given collateral estoppel effect; not the restitution order itself. This is so because only those facts were judicially determined in connection with the nolo plea. Accord Satterfield, 743 F.2d at 838 (facts underlying offense giving rise to restitution order will be given collateral estoppel effect under 18 U.S.C. § 3664(e); restitution order itself will not). As part of his plea agreement, Cohen pleaded nolo to petit thief and agreed to pay restitution to Starr Tyme in the amount of $3,000 in order to avoid the cost of a felony trial. The $3,000 figure was not litigated in the criminal proceeding nor was it a fact that necessarily had to be determined by the trial court before the court could accept Cohen's plea of nolo contendere.