ANTOON, Judge.
Jeffrey Borneman, the personal representative of the estate of Ingrid Allard, appeals the trial court’s summary final judgment entered in favor of John Hancock Mutual Life Insurance Company (John Hancock). The trial court determined that John Hancock had properly paid the proceeds of its policy to Judith Marr, the daughter and designated beneficiary of its deceased insured, Herbert Allard. John Hancock delivered the proceeds to Marr notwithstanding the fact that Ingrid Allard, Herbert Allard’s widow and the donee of his durable power of attorney, had attempted to designate herself to be the beneficiary of the policy. The trial court ruled that Ingrid Allard lacked the authority to utilize the power of attorney to change the beneficiary of Herbert Allard’s life insurance policy after a petition to determine Herbert Allard’s capacity had been filed. We hold that the trial court was correct and therefore affirm the final summary judgment.
This ease was initiated in the circuit court when Judith Marr, in her capacity as personal representative of Herbert Allard’s estate, filed suit against Jeffrey Borneman in his capacity as the personal representative of Ingrid Allard’s estate. The complaint explained that, at the time of Herbert Allard’s death, Herbert and Ingrid Allard were married but estranged and living separately. The complaint alleged that Ingrid Allard had fraudulently obtained from Herbert Allard a marital settlement agreement, a deed conveying ownership of certain real property, a letter firing his lawyer, and a durable power of attorney. The complaint sought a final judgment declaring these documents to be void.
Borneman answered the complaint, denying wrongdoing on the part of Ingrid Allard and asserting affirmative defenses as well as a counterclaim. Relevant to this appeal, Borneman also filed a third-party complaint against John Hancock alleging that it had improperly paid life insurance benefits to Judith Marr.
The third-party complaint explained that John Hancock had issued a life insurance policy to Herbert Allard naming Ingrid Al-lard his beneficiary of the policy. However, after the Allards separated in 1994, Herbert Allard changed the beneficiary of the policy from Ingrid Allard to Judith Marr. The third-party complaint stated that approximately six months after Marr was designated the beneficiary, Ingrid Allard, in her capacity as donee of Herbert Allard’s durable power of attorney, changed the John Hancock policy and once again named Ingrid Allard the beneficiary of the policy. The third-party complaint also asserted that John Hancock had breached the terms of Herbert Allard’s contract by failing to pay Ingrid Allard the benefits under the policy and instead paying such benefits to Judith Marr.
John Hancock filed an answer to the third-party complaint denying liability and later moved for summary judgment alleging that Borneman’s claim of breach of contract failed as a matter of law. After conducting a hearing on the motion, the trial court entered summary judgment in favor of John Hancock, ruling that the proceeds of Herbert *673 Allard’s life insurance policy had been properly paid to Judith Marr. In reaching its conclusion, the trial court had before it the following unrefuted facts:
(1) On December 14, 1994, Ingrid Allard obtained a durable power of attorney from Herbert Allard;
(2) On December 15, 1994, a professional guardian filed a petition to determine Herbert Allard’s capacity pursuant to chapter 744 of the Florida Statutes (1993), and a temporary order was entered appointing an emergency temporary guardian on behalf of Herbert Allard;
(3) On December 16, 1994, Ingrid Allard, as donee of Herbert Allard’s durable power of attorney, faxed a document to John Hancock instructing the company to change the beneficiary on Herbert Allard’s life insurance policy from Judith Marr to Ingrid Allard; and
(4) On December, 19,1994, Herbert Allard died. At the time of his death the temporary guardianship order was still in effect and no hearing had been conducted on the petition to determine his capacity. Ingrid Allard died two months later, on February 16, 1995.
Relying on section 709.08, Florida Statutes (1993), the trial court ruled that Ingrid Al-lard was not entitled to receive the insurance benefits because her attempt to change the beneficiary of the insurance policy was ineffective. We affirm this ruling.
Section 709.08 of the Florida Statute (1993), provides:
709.08 Durable power of attorney.—
(1) A principal may create a durable power of attorney designating a person as his attorney in fact by executing a power of attorney.
* * * * * *
(2) The durable power of attorney is non-delegable and remains valid until the donor dies, revokes the power, or is adjudged incompetent. When a petition to determine competency of the donor or a petition to appoint a guardian for the donor has been filed, the durable power of attorney is temporarily suspended. Notice of the pending petition must be given to all known donees of the power. The power remains suspended until the petition is dismissed or withdrawn, or the donor is adjudged competent, at which time the power is automatically reinstated and any exercise of the power is valid. If the donor is adjudged incompetent, the power is automatically revoked.
[[Image here]]
(4) When an emergency arises between the time a petition is filed and an adjudication is made regarding the competency of the donor, the donee of the durable power of attorney may petition the court for permission to exercise the power. The petition must specify the emergency, the property involved, and the proposed action of the donee. An exercise of the power by the donee during this time is not valid without permission of the court.
The trial court ruled that Ingrid Allard’s attempt to change the beneficiary of the life insurance policy was invalid and not subject to ratification because Herbert Allard died before the petition to determine his capacity was adjudicated. In so ruling, the court construed section 709.08 to mean that, once the petition to determine Herbert Allard’s competency was filed, Ingrid Allard’s authority as donee of his durable power of attorney was suspended and remained suspended until one of the conditions set forth in the statute occurred. In this case, due to his death, the petition to determine Herbert Allard’s capacity was never dismissed or withdrawn, and an adjudication as to his competency was never entered. As a result, Ingrid Allard’s authority as donee of the durable power of attorney was never reinstated.
Borneman challenges this ruling, arguing that the trial court misapplied the statute in two respects. First, he asserts that Ingrid Allard’s actions as Herbert Allard’s attorney in fact are valid because he was never adjudged to be incompetent. Stated another way, Borneman maintains that the filing of the petition to determine Herbert Allard’s capacity would have invalidated Ingrid Al-lard’s change of the beneficiary document only if there had been a later determination that Herbert Allard was incompetent. Sec *674 ond, Borneman argues that Ingrid Allard’s authority to act as Herbert Allard’s attorney in fact was never suspended because notice of the filing of the petition to determine his capacity was never given to Ingrid Allard. In rejecting these arguments we rely on the clear and unambiguous wording of the statute. See Starr Tyme, Inc. v. Cohen, 659 So.2d 1064, 1067 (Fla.1995).
In this regard, the statute provides that a durable power of attorney is temporarily suspended upon the filing of a petition to determine the donor’s capacity. See § 709.08(2), Fla. Stat. (1993). The- statute further provides that the donee’s power remains suspended until the petition is (1) withdrawn, (2) dismissed, or (3) the donor is adjudged competent. See id. None of these conditions occurred and, as a result, Ingrid Allard’s authority as donee of Herbert’s power of attorney was never reinstated. There is nothing in the statute or in our case law which supports Borneman’s position that actions taken by the donee while the donee’s power is suspended can later be ratified. Furthermore, as for the issue of notice, the 1993 version of the statute did not make the suspension of the durable power of attorney contingent upon the donee’s receipt of notice of the filing of the petition to determine capacity. We reject Borneman’s suggestion that legislative intent with regard to notice must be derived from the 1995 amendments to section 709.08(3)(c)l since the revised statute specifically provides that the revisions apply only to powers of attorney executed on or after 1995.
AFFIRMED.
COBB and HARRIS, JJ., concur.