SALTER, J.
The appellant, S.S., is a mother appealing a final judgment terminating her parental rights to her minor son following her failure to appear at an advisory hearing scheduled pursuant to section 39.808, Florida Statutes (2006). The advisory hearing was to address a second termination of parental rights (TPR) petition filed against the mother by the Florida Department of Children and Families (DCF).
The mother raises two issues here. First, she argues that the trial court abused its discretion in denying her motion to set aside the default as a result of the mother’s failure to attend the advisory hearing. Second, she asserts that the “implied consent” resulting from her non-appearance — standing alone, and without an evidentiary hearing — is, in any event, inadequate to support the entry of the final judgment.
In this case, we find that the mother’s failure to attend the advisory hearing, failure to appear for a scheduled mediation,[1] refusal to supply a contact telephone number and address, abrupt departure from a prior hearing, and failure to assert any potentially meritorious defense to the TPR ordinarily would provide, taken cumulatively, a reasonable predicate for the trial court’s denial of the mother’s motion to vacate the default following her nonappearance at the advisory hearing. That non-appearance and default then would have constituted, as a matter of law, the mother’s implied consent for termination of parental rights under the plain language of paragraph 39.801(3)(d), Florida Statutes (2006).[2]
In this case, however, DCF and the record do not establish that the mother was personally served with the statutory notice required by paragraph 39.801(3)(a), Florida Statutes (2006):[3]
FAILURE TO PERSONALLY APPEAR AT THIS ADVISORY HEARING CONSTITUTES CONSENT TO THE TERMINATION OF PARENTAL RIGHTS OF THIS CHILD (OR CHILDREN). IF YOU FAIL TO APPEAR ON THE DATE AND TIME SPECIFIED, YOU MAY LOSE ALL LEGAL RIGHTS AS A PARENT TO THE CHILD OR CHILDREN NAMED IN THE PETITION ATTACHED TO THIS NOTICE.
Because the delivery of this notice is an express condition precedent to the draconian consequences of a parent’s failure to appear, it follows that, on that point alone, the termination of parental rights in this case must be reversed and remanded for further proceedings.
But in the event that, after confirmed service of the second amended petition for TPR including the printed statutory notice, S.S. fails to appear at the advisory hearing, DCF nevertheless must prove, by competent substantial evidence, those allegations in the petition relied upon by DCF to support a final judgment in *43 conformance with the statutory requirements for TPR. We previously have held that a trial court errs when it terminates parental rights following a default but takes no evidence in support of the termination. See R.H. v. Dep’t. of Children & Family Servs., 860 So.2d 986, 988 (Fla. 3d DCA 2003). The effect of an “implied, presumed or constructive consent” under paragraph 39.801(3)(d) has been analyzed in detail in Department of Children & Families v. A.S., 927 So.2d 204 (Fla. 5th DCA 2006). That analysis concluded squarely, and we agree, that “consent under section 39.801(3)(d) does not end the judicial labor of the trial court; it must then proceed to receive evidence to support the grounds alleged in the petition for termination.” Id. at 208.
We reject DCF’s argument that In re W.C., 797 So.2d 1273 (Fla. 1st DCA 2001) excuses the presentation of evidence following a respondent parent’s non-appearance at the advisory hearing. The case does not say that, apparently because the appellant there did not raise the issue.
Reversed and remanded.

. The mother claimed to have believed that she was only required to attend a mediation scheduled for a date after the advisory hearing, but she conceded that she also did not appear at the time and place scheduled for the mediation.

. Paragraph 7 of the final judgment, apparently created from an outdated form, refers to an adjudication of default under "section 39.464(3)(c), Fla. Stat. (1994),” a predecessor provision renumbered many years ago. Paragraphs 8 through 13 and paragraph 19 of the final judgment also refer to outdated and renumbered statutory provisions.

. Personal service of the notice also was (and is) required by Florida Rule of Juvenile Procedure 8.505(b).