DAVIS, Judge.
P.E. (“the Mother”) challenges the trial court’s termination of her parental rights to her child, H.E., which was based on the Mother’s failure to appear at the final adjudicatory hearing. We reverse and remand.
On appeal, the Mother argues that the trial court erred by failing to require the Department to prove the basis for the termination. The Mother maintains that pursuant to S.S. v. Department of Children & Family Services, 976 So.2d 41 (Fla. 3d DCA 2008), after the trial court found that she consented to the TPR by her failure to appear, it was still required to take evidence to determine whether the Department could prove the allegations made in the termination petition.[1]
In S.S., the Third District concluded that ‘“implied, presumed, or constructive consent’ under ... ‘section 39.801(3)(d) does not end the judicial labor of the trial court; it must then proceed to receive evidence to support the grounds alleged in the petition for termination.’ ” S.S., 976 So.2d at 43 (quoting Dep’t of Children & Families v. A.S., 927 So.2d 204, 208 (Fla. 5th DCA 2006); see also R.H. v. Dep’t of Children & Family Servs., 860 So.2d 986, 988 (Fla. 3d DCA 2003) (“[T]he trial court erred when it terminated the father’s parental rights without the taking of any evidence in support of such termination.”). The Fifth District also has followed this line of reasoning. See Dep’t of Children & Families v. A.S., 927 So.2d 204, 208 (Fla. 5th DCA 2006) (“[C]onsent under section 39.801(3)(d) does not end the judicial labor of the trial court; it must then proceed to receive evidence to support the grounds alleged in the petition for termination.”).
We agree with the Third and Fifth Districts that deeming a parent’s failure to appear to be a consent to termination does not end the trial court’s judicial labor. We disagree, however, that the trial court must hear evidence in support of the grounds alleged in the petition for termination.
Section 39.802(4), Florida Statutes (2007), requires that a petition for termination of parental rights contain facts supporting
(a) That at least one of the grounds [for termination of parental rights] listed in s. 39.806 has been met.
(b) That the parents of the child were informed of their rights to counsel at all hearings that they attended and that a dispositional order adjudicating the child dependent was entered....
(c) That the manifest best interests of the child, in accordance with s. 39.810, would be served by the granting of the petition.
One of the grounds included in section 39.806 is a parent’s voluntary surrender and “consent[ ] to the entry of an order giving custody of the child to the department for subsequent adoption.” § 39.806(1)(a). Additionally, section 39.801(3)(d) states that if a parent is provided the proper notice, his or her failure to appear at the adjudicatory hearing *343 “shall constitute consent for termination of parental rights.”
This court has determined that the termination of rights resulting from this statutory consent is a voluntary, rather than an involuntary, termination. See C.C. v. Dep’t of Children & Family Servs. (In re A.D.C.), 854 So.2d 720, 721-22 (Fla. 2d DCA 2003). We understand that this determination renders the consent imposed under section 39.801(3)(d) for failure to appear to be like the consent that results from the execution of a written surrender pursuant to section 39.806(l)(a). If the Department were still required to prove an additional ground for termination as specified in section 39.802, the resulting termination would be, in our opinion, involuntary in nature. Furthermore, if the Department is required to present evidence of an additional ground for termination, the legislature’s decision to label this failure to appear a “consent” would be rendered meaningless. See A.D.C., 854 So.2d at 722 (“Consent is defined as ‘[v]oluntarily yielding the will to the proposition of another; acquiescence or compliance therewith.’ Black’s Law Dictionary 276 (5th ed. 1979).” (alteration in original)). In keeping with our prior determination in A.D.C., and our plain reading of the statute, we conclude that such additional evidence is not required.
Section 39.808(4) provides that when a written surrender and consent is entered, there is no need for an advisory hearing, implying that the “consent” satisfies the requirement to prove a ground for termination. However, the same section requires that “[a]djudicatory hearings for petitions for voluntary termination must be held within [twenty-one] days after the filing of the petition.” Since section 39.802(4) designates that there are two further requirements that must be proven in addition to proving at least one of section 39.806’s enumerated grounds, an adjudicatory hearing is required even after a consent has been entered—either by written surrender or resulting from a parent’s failure to appear. However, at such a hearing, the Department need only present evidence establishing that the parents have received the necessary notice of their right to counsel and that the termination is in the manifest best interests of the child.
Accordingly, we conclude that while a parent’s nonappearance provides a ground for termination, determining the manifest best interests of the child remains the responsibility of the trial court. Therefore, the trial court must hear evidence as to the child’s manifest best interests before it can terminate a parent’s rights—even after the parent has been deemed to have consented based on his or her nonappearance at the final adjudicatory hearing.
We note that here the State argues that the trial court did indeed take testimony from the guardian ad litem regarding the manifest best interests of the child, H.E. However, that testimony was taken at the permanency hearing, more than a month after the trial court already had terminated the Mother’s parental rights at the final adjudicatory hearing. Because that testimony was presented after the fact—after the Mother’s rights already were terminated—it cannot be said to have supported the trial court’s decision to terminate.
For these reasons, we reverse and remand for the trial court to hear evidence from both parties as to the manifest best interests of the child, H.E. In doing so, we certify conflict with the Third District’s opinions in S.S. v. Department of Children & Family Services, 976 So.2d 41 (Fla. 3d DCA 2008), and R.H. v. Department of Children & Family Services, 860 So.2d 986 (Fla. 3d DCA 2003), and the Fifth District’s opinion in Department of Children *344 & Families v. A.S., 927 So.2d 204 (Fla. 5th DCA 2006), to the extent that those cases require the Department to present evidence as to the grounds for termination once a consent for nonappearance is entered.
Reversed and remanded; conflict certified.
FULMER and VILLANTI, JJ., Concur.

. We note that the State is correct in its assertion that the Mother did not raise this issue below; however, given the fundamental nature of a parent's right to the care, custody, and control of his or her child, see Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), the Mother alleges fundamental error and therefore may raise it for the first time on appeal.