LEWIS, J.,
concurring in result only.
I concur in result only because the majority articulates the principle that it simply follows the clear and unambiguous language of the applicable statute, although it in fact proceeds to interpret and construe statutory provisions that are actually unclear and ambiguous, as evidenced by the multiple district courts of appeal that have addressed the identical issue through statutory construction. Contrary to the statutory analysis employed in our decision today, the Third and Fifth District Courts of Appeal have each construed and applied the precise language of the subject statutory provisions and reached a different conclusion to resolve the issue before us. See S.S. v. Dep’t of Children & Family Servs., 976 So.2d 41, 42-43 (Fla. 3d DCA 2008); Dep’t of Children & Families v. A.S., 927 So.2d 204, 207-09 (Fla. 5th DCA 2006); R.H. v. Dep’t of Children & Family Servs., *238 860 So.2d 986, 990-91 (Fla. 3d DCA 2003) (Gersten, J., concurring). In writing for a unanimous court in AS, Judge Sawaya articulated a rational process based upon the plain language of the statutory provisions that we must address in the present case. Following a thorough, constructive analysis of the relevant statutory provisions, the Fifth District concluded that its construction gave full effect to all of the pertinent provisions and construed them in harmony with one another. See A.S., 927 So.2d at 209. In S.S., the Third District looked to, and agreed with, the analysis of Judge Sawaya to apply the statutory scheme. See 976 So.2d at 43.
Logically, the difference in the results reached by the district courts demonstrates that the statutes we consider today are not clear and unambiguous, but unquestionably require construction and interpretation, which is exactly what the majority has accomplished in this decision. When the plain language of a statute is unclear or ambiguous as to its meaning, the Court must resort to traditional rules of statutory construction to ascertain legislative intent. See Murray v. Mariner Health, 994 So.2d 1051, 1061 (Fla.2008) (citing Starr Tyme, Inc. v. Cohen, 659 So.2d 1064 (Fla.1995)); see also Kasischke v. State, 991 So.2d 803, 807 (Fla.2008) (applying canons of statutory construction where the plain language of a statute was “undeniably susceptible to multiple and irreconcilable interpretations”); Joshua v. City of Gainesville, 768 So.2d 432, 435 (Fla.2000) (stating that the canons of statutory construction control when the language of a statute is unclear). The majority recognizes that the failure of a parent to appear for a hearing, along with the consequences of section 39.801(3)(d), Florida Statutes (2007), are not statutorily listed bases or grounds for the termination of rights in section 39.806. See majority op. at 235-36. It is only through interpretation and construction that the result we reach today may be attained under these ambiguous provisions. Therefore, I concur in result only because although the majority professes that the plain language of the statute supports the decision today, it is far too obvious that statutory construction and interpretation are required to produce this result.
QUINCE, C.J., concurs.