# Third District Court of Appeal

## State of Florida

Opinion filed August 21, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1247
Lower Tribunal No. 21-16685
_____

**Kristian J. Hall,**
Appellant,

vs.

**Dyan Myara, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Lourdes Simon, Judge.

Sackrin & Tolchinsky, P.A., and Alan D. Sackrin (Hallandale Beach), for appellant.

Edward F. Holodak, P.A., and Edward F. Holodak (Fort Lauderdale); Joseph P. Klapholz, P.A., and Joseph P. Klapholz (Plantation); Cole, Scott & Kissane, P.A., and Scott A. Cole, and Carly M. Weiss, for appellees.

Before EMAS, SCALES and BOKOR, JJ.

PER CURIAM.

Affirmed. See Blumberg v. USAA Cas. Ins. Co., 790 So. 2d 1061, 1066 (Fla. 2001) ("In order to work an estoppel, the position assumed in the former trial must have been successfully maintained. In proceedings terminating in a judgment, the positions must be clearly inconsistent, the parties must be the same and the same questions must be involved." (quotation omitted)); Starr Tyme, Inc. v. Cohen, 659 So. 2d 1064, 1066 (Fla. 1995) ("[A] defendant who is adjudicated guilty pursuant to a plea of nolo contendere in a criminal prosecution is collaterally estopped from seeking affirmative relief in or defending against a chapter 772 civil claim that is based on the same conduct that resulted in the prior criminal charges."); § 772.14, Fla. Stat. ("A final judgment or decree rendered in favor of the state in any criminal proceeding concerning the conduct of the defendant which forms the basis for a civil cause of action under this chapter, or in any criminal proceeding under chapter 895, shall estop the defendant in any action brought pursuant to this chapter as to all matters as to which such judgment or decree would be an estoppel as if the plaintiff had been a party in the criminal action.").