PER CURIAM.
We affirm the judgment and sentence and write to address only appellant’s challenge to an aspect of his sentence.
Appellant entered a plea of no contest to the charge of misappropriating construction funds, in violation of section 713.345, Florida Statutes (1993). The trial court placed appellant on probation, and ordered him to pay restitution to the victims — the homeowners with whom appellant had contracted to build a home and various subcontractors who had worked on the job. Before the sentencing hearing, appellant executed promissory notes in favor of many of the subcontractors. Appellant argues that the court was precluded from ordering restitution in favor of those subcontractors who had received promissory notes.
The subcontractors were “victims” within the meaning of section 775.089(l)(e), Florida Statutes (1995). The fact that a victim has an enforceable civil obligation covering a loss does not divest the court of the power to order restitution under section 775.089. One purpose of the statute is to provide the victim full compensation. Restitution as a condition of probation contains coercive elements not available in civil court. Section 775.089(8), provides that any restitution paid “shall be set off against any subsequent independent civil recovery.”
POLEN, STEVENSON and GROSS, JJ„ concur.