745 So.2d 1085 (1999)
Jay A. WEINSTEIN, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1662.
District Court of Appeal of Florida, Fourth District.
November 24, 1999.
Jay A. Weinstein, Fort Lauderdale, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
When the court sentenced defendant, now more than 7 years ago, on a nolo contendere plea to manslaughter with a firearm, it imposed restitution in the specific amount of $4,794 to the victim's family for funeral expenses. The personal representative of the estate of the victim filed a wrongful death action against defendant who was covered by a liability insurance policy with limits of $100,000. The wrongful death action was settled by the estate and the insurance carrier for policy limits.
Defendant later filed a motion with the sentencing court for an order holding that the restitution part of the sentence has been fully performed. The state responded with a motion to clarify the restitution order to provide that the insurance proceeds did not satisfy the restitution. After *1086 a hearing that involved primarily argument of counsel, the trial court agreed with the state and denied defendant's motion.
Our difficulty with the trial court's holding is with the procedure followed. Apart from reviewing settlement documents, it relied only on argument from the lawyers. The documents do not resolve the essential question presented. In order to dispose of the conflicting positions of the parties, we conclude that it is necessary for the court to receive evidence, as we more fully explain.
Essentially defendant's argument is that the sentencing restitution order must, as a matter of law, be deemed fully satisfied by the insurance carrier's payment of policy limits. He relies on section 775.089(8), which provides:
"The conviction of a defendant for an offense involving the act giving rise to restitution under this section shall estop the defendant from denying the essential allegations of that offense in any subsequent civil proceeding. An order of restitution hereunder will not bar any subsequent civil remedy or recovery, but the amount of such restitution shall be set off against any subsequent independent civil recovery." [emphasis supplied]
§ 775.089(8), Fla. Stat. (1997). Of course by the plain terms of this statute, the amount of restitution is set off against the wrongful death recovery, while in this case defendant argues that the wrongful death recovery should be set off against the amount of the restitution. Nevertheless, the purpose of the statute is clear to us: to prevent the victim from forcing the defendant to pay twice for the same damages.
On the other hand, the wrongful death statute specifies precisely what damages may be recovered in a wrongful death action:
(1) Each survivor may recover the value of lost support and services from the date of the decedent's injury to her or his death, with interest, and future loss of support and services from the date of death and reduced to present value. In evaluating loss of support and services, the survivor's relationship to the decedent, the amount of the decedent's probable net income available for distribution to the particular survivor, and the replacement value of the decedent's services to the survivor may be considered. In computing the duration of future losses, the joint life expectancies of the survivor and the decedent and the period of minority, in the case of healthy minor children, may be considered.
(2) The surviving spouse may also recover for loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury.
(3) Minor children of the decedent, and all children of the decedent if there is no surviving spouse, may also recover for lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury.
(4) Each parent of a deceased minor child may also recover for mental pain and suffering from the date of injury. Each parent of an adult child may also recover for mental pain and suffering if there are no other survivors.
(5) Medical or funeral expenses due to the decedent's injury or death may be recovered by a survivor who has paid them.
(6) The decedent's personal representative may recover for the decedent's estate the following:
(a) Loss of earnings of the deceased from the date of injury to the date of death, less lost support of survivors excluding contributions in kind, with interest. Loss of the prospective net accumulations of an estate, which might reasonably have been expected but for the wrongful death, reduced to present money value, may also be recovered:

*1087 1. If the decedent's survivors include a surviving spouse or lineal descendants; or
2. If the decedent is not a minor child as defined in s. 768.18(2), there are no lost support and services recoverable under subsection (1), and there is a surviving parent.
(b) Medical or funeral expenses due to the decedent's injury or death that have become a charge against her or his estate or that were paid by or on behalf of decedent, excluding amounts recoverable under subsection (5).
(c) Evidence of remarriage of the decedent's spouse is admissible.
§ 768.21, Fla. Stat. (1997). The restitution order expressly provides that it covers only the damages specified in paragraph (5) abovei.e., funeral expenses.
The argument of the parties at the hearing suggests that the settlement with the insurance carrier represented only the policy limits, and not necessarily the entire damages suffered as a result of the wrongful death. Because the statutory wrongful death damages involve items other than merely the funeral expenses, it is impossible to determine whether there is any overlap between the actual recovery in the wrongful death case and the restitution ordered at sentencing. Hence the trial judge had insufficient evidence to determine whether the recovery duplicated the restitution.
We therefore reverse and remand for an evidentiary hearing to address these issues.
GUNTHER and KLEIN, JJ., concur.