818 So.2d 689 (2002)
STATE of Florida, Appellant,
v.
Gary Kent KIRBY, Appellee.
No. 5D01-2567.
District Court of Appeal of Florida, Fifth District.
June 14, 2002.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert E. Bodnar, Jr., Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Lyle Hitchens, Assistant Public Defender, Daytona Beach, for Appellee.
THOMPSON, C.J.
The state appeals an order denying restitution. This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(M). We reverse.
Gary Kent Kirby was found guilty by a jury of driving under the influence resulting in serious bodily injury to another on February 23, 2001. Kirby was adjudicated guilty and sentenced to five years of probation, a downward departure.
Independent of the criminal case, the victim in this case executed a release of his claim for damages in exchange for $25,000.00 on April 7, 2001.[1]
*690 Based on that release and State v. Vandonick, 800 So.2d 239 (Fla. 2d DCA 2001), the trial court denied restitution after a hearing on August 13, 2001. There, the defendant was charged with reckless driving and felony battery for allegedly intentionally injurying the victim. Id. Before the defendant's criminal case was resolved, the victim settled for $50,000.00, releasing the defendant and his insurance company from all claims arising out of the incident which led to the criminal case. Id. at 240. Subsequently, the defendant entered a plea of no contest to reckless driving and culpable negligence. Id. Although the victim's medical bills far exceeded $50,000.00, the trial court ruled that restitution had to be limited to the $50,000.00 the victim had received. Id. The second district affirmed, noting that settlement agreements are governed by contract law, are highly favored, and should be enforced wherever possible. Id.
Judge Northcutt dissented, arguing that the sentencing court was not bound by the civil settlement and release between the defendant and the victim. Id. (Northcutt, J., dissenting). He gave several reasons for that position. First, he noted that the state was not a party to the settlement transaction nor were its interests represented. Id. at 240-41. Judge Northcutt pointed out that this was significant because restitution is only partially founded on the victim's right to be compensated; just as important is the state's right to have the victim made whole by the perpetrator. Id. Second, Judge Northcutt noted that restitution has societal purposes broader than simply compensating the victimit is a deterrent, it is rehabilitative, retributive, and it requires the perpetrator, rather than the taxpayers, to absorb some or all of the financial aspect of the victim's injuries. Id.
Judge Northcutt gave another important reason for his position:
a variety of circumstances might induce a victim to settle her claim for less than her actual damagesproblems of proof, for example, or her immediate financial need, or the inadequacy of the defendant's liability insurance policy limits. Such considerations should have no bearing on the court's statutory duty to order restitution for the damage or loss caused by the defendant's criminal conduct. Where, as here, the settlement was for a sum which was less than the victim's damage or loss, an order imposing restitution based solely on the amount of the settlement would violate the clear requirements of the statute.
Id.
We agree with the well-reasoned dissent of Judge Northcutt. We note that a number of other state appellate courts take the *691 same position. See State v. Applegate, 266 Kan. 1072, 976 P.2d 936, 938 (1999)("The State was not a party to the agreement. A civil release of claims does not and cannot specifically preclude court-ordered restitution in a criminal case"); State v. Walters, 224 Wis.2d 897, 591 N.W.2d 874 (App.1999)(previous settlement of victim's civil action against defendant for injuries sustained in motor vehicle accident did not absolutely bar trial court from ordering that defendant pay restitution in criminal prosecution of defendant for same incident); State v. Iniguez, 169 Ariz. 533, 821 P.2d 194, 197 (App.1992)("[b]ecause restitution also promotes the rehabilitative purpose of the criminal law, and because civil damage payments may not be fully compensatory, the court is not automatically foreclosed from ordering some restitution simply because the victim has received some compensation as a result of a civil action").
The settlement between the victim and the defendant in a civil proceeding did not bar the state from seeking restitution, as it was not a party to the settlement and its interests go beyond the interests at stake in the civil settlement.
REVERSED and REMANDED for an evidentiary hearing.[2]
SAWAYA and PLEUS, JJ., concur.
NOTES
[1] The release reads in pertinent part:

For the sole consideration of twenty-five thousand dollars & xx/100 dollars ($25,000.00), the receipt and sufficiency whereof is hereby acknowledged the undersigned hereby releases and forever discharges Lori Jo & Gary K. Kirby his/her/their heirs, executors, administrators, agents, assigns, employers, employees, firms and corporations (hereinafter all referred to as "releasees") liable or who might be claimed to be liable, none of whom admit any liability to the undersigned but all expressly deny any liability, from any and all claims, demands, damages, actions, cause of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property, which have resulted or may in the future develop from an accident which occurred on or about the 20th day of November, 1999 at or near Hwy 17, Pomona Park, FL. Except for the above stated releasees, the undersigned reserves his/her/their right to bring legal action against and recover damages from any other person, firm, corporation or organization, inclusive but not limited to any personal injury protection insurance carrier, medical payment coverage insurer, group health insurance carrier or health care provider. This reservation does not include the parties released herein who are given a full and final release from any and all claims, demands, damages, actions, including all past, present and future claims for subrogation arising out of the above referenced accident.
Undersigned hereby declares that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, and for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident against the releasees.
* * * * *
Undersigned hereby accepts draft or drafts as final payment of the consideration set forth above,
In witness whereof, Harold E. Baxley [has] hereunto set hand(s) and seal(s) this 7 day of April, 2000.
 /s/ Harold E. Baxley.

[2] Upon remand, the state should put on evidence of the damage sustained by the victim. Compare State v. Andersen, 177 Ariz. 381, 868 P.2d 964, 970 (App.1993)("[s]ettlement of a civil lawsuit may extinguish a defendant's restitution obligation to the extent that the settlement compensates the victim's family's economic loss ... If the agreement is not as broad as has been alleged by the defendant, the court should determine to what degree the settlement compensates the family for its economic loss and give the defendant a corresponding offset against the ordered restitution")(emphasis added) (citations omitted), with Iniguez, 821 P.2d at 197 ("[n]ot all payments received by the victim are to be credited against the restitution amount, however. A civil damage recovery may include compensation for pain and suffering and other items of loss not compensable by restitution, which pays only for `economic loss'").