863 So.2d 238 (2003)
Gary Kent KIRBY, Petitioner,
v.
STATE of Florida, Respondent.
No. SC02-1511.
Supreme Court of Florida.
October 9, 2003.
*239 James B. Gibson, Public Defender, and Lyle Hitchens, Assistant Public Defender, *240 Seventh Judicial Circuit, Daytona Beach, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, and Judy Taylor Rush, Assistant Attorney General, Daytona Beach, FL, for Respondent.
PARIENTE, J.
We have for review State v. Kirby, 818 So.2d 689 (Fla. 5th DCA 2002), which expressly and directly conflicts with State v. Vandonick, 800 So.2d 239 (Fla. 2d DCA 2001), on the issue of whether a settlement and release of liability between a victim and a defendant on a civil claim for damages prior to the disposition of a criminal case based on the same incident prohibits the trial court as a matter of law from ordering restitution.[1] Because civil settlements and criminal restitution are distinct remedies with differing considerations, we hold that a settlement and release of liability on a civil claim for damages between private parties does not prohibit the trial court from fulfilling its mandatory obligation to order restitution in the criminal case. For the reasons that follow, we approve the Fifth District's decision in Kirby, and disapprove the Second District's decision in Vandonick to the extent that it is inconsistent with this opinion.

FACTS
On November 20, 1999, police officer Gary Kent Kirby caused a traffic accident, generating both a civil claim for damages by the injured victim and a criminal prosecution against Kirby for driving under the influence resulting in serious bodily injury to another. On April 7, 2000,[2] independent of the criminal case, the victim and Kirby executed a settlement agreement. This written settlement agreement released Kirby of any liability that may have resulted from the November 20, 1999, incident. The consideration for the settlement was the payment by Kirby's insurance company of $25,000the insurance policy limits.[3]
Kirby proceeded to trial in the criminal prosecution on February 23, 2001, and the jury found Kirby guilty of DUI with serious bodily injury as charged. The trial court adjudicated Kirby guilty and sentenced him to five years' probation, a downward departure from the permissible *241 guidelines sentence of fifty-one months' incarceration. As justification for the downward departure, the trial court concluded that "the need for payment of restitution to the victim outweigh[ed] the need for a prison sentence" and that "the offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse."[4] The trial court ordered restitution, reserving jurisdiction to determine the amount.
The trial court subsequently held a restitution hearing. The State requested that the trial court award the victim restitution for the out-of-pocket medical expenses, deductibles, and lost wages that exceeded the $25,000 he received pursuant to the settlement agreement. Kirby opposed restitution based on the fact that the settlement agreement contained a release of liability. The State conceded that the settlement agreement contained a release of all liability, but argued that because the State was not a party to the agreement the victim could not prevent the State from exercising its statutory right to seek restitution. The trial court disagreed and denied restitution based on the release and the decision in Vandonick that the right to restitution is foreclosed by a settlement and release in a civil case. See Kirby, 818 So.2d at 690.
On appeal, the Fifth District disagreed with the Second District's decision in Vandonick and agreed with the view expressed in Judge Northcutt's dissenting opinion in that case that, because restitution serves significant societal purposes other than compensating the victim, a sentencing court should not be bound by a civil settlement and release when the State was not a party to the transaction. See Kirby, 818 So.2d at 690 (citing to Vandonick, 800 So.2d at 240-41 (Northcutt, J., dissenting)). Accordingly, the Fifth District reversed the trial court and held that "[t]he settlement between the victim and the defendant in a civil proceeding did not bar the state from seeking restitution." Id. at 691.

ANALYSIS
The issue presented in this case is whether the victim and defendant may foreclose the trial court's obligation to impose restitution by entering into a settlement agreement that contains a release of liability in a civil action prior to the disposition of the criminal case involving the same incident. As this issue presents a pure question of law, we review it de novo. See Barnhill v. State, 834 So.2d 836, 843 (Fla.2002), cert. denied, ___ U.S.___, 123 S.Ct. 2281, 156 L.Ed.2d 134 (2003); State v. Glatzmayer, 789 So.2d 297, 301-02 n. 2 (Fla.2001).
We begin with the language of Florida's restitution statute, which is the source of the trial court's authority to order restitution. Section 775.089, Florida Statutes (2002),[5] states in relevant part:
(1)(a) In addition to any punishment, the court shall order the defendant to make restitution to the victim for:

1. Damage or loss caused directly or indirectly by the defendant's offense; and
2. Damage or loss related to the defendant's criminal episode,

unless it finds clear and compelling reasons not to order such restitution.... The court shall make the payment of *242 restitution a condition of probation....
....
(2)(a) When an offense has resulted in bodily injury to a victim, a restitution order entered under subsection (1) shall require that the defendant:
1. Pay the cost of necessary medical and related professional services and devices relating to physical, psychiatric, and psychological care, including nonmedical care and treatment rendered in accordance with a recognized method of healing.
2. Pay the cost of necessary physical and occupational therapy and rehabilitation.
3. Reimburse the victim for income lost by the victim as a result of the offense.
....
(8) ... An order of restitution hereunder will not bar any subsequent civil remedy or recovery, but the amount of such restitution shall be set off against any subsequent independent civil recovery.
(Emphasis supplied.)
Section 775.089(1)(a) requires the trial court to order a defendant to make restitution for damage or loss caused by the defendant's offense or related to the defendant's criminal episode unless the trial court finds clear and compelling reasons not to order restitution. See § 775.089(1)(a).[6] When probation is imposed, the statute also requires the court to order restitution as a condition of probation. See § 775.089(1)(a)(2).[7]
In light of the statutory requirement that restitution be imposed, the legal question becomes whether a settlement and release of liability by the victim of "any and all claims" against the defendant executed prior to the disposition of the criminal case constitutes a clear and compelling reason not to order restitution as a matter of law. We conclude that it does not, because of both the unique purposes of restitution and the clear legislative intent as expressed in the restitution statute.
The criminal sanction of restitution and the civil remedy of damages further distinct societal goals. We have recognized that unlike civil damages, restitution is a criminal sanction. See Spivey v. State, 531 So.2d 965, 967 (Fla. 1988). In contrast, a civil claim for damages is a method for the orderly resolution of a dispute between the defendant and the victim. Unlike a civil claim for damages, the purpose of restitution is twofold: (1) to compensate the victim and (2) to serve the rehabilitative, deterrent, and retributive goals of the criminal justice system. See Glaubius v. State, 688 So.2d 913, 915 (Fla.1997); Spivey, 531 So.2d at 967.
*243 Consistent with this twofold purpose of restitution, we have recognized that "[w]hile the victim's wishes concerning restitution are relevant, they are not dispositiveit is the judge, not the victim, who must weigh society's competing needs." Banks v. State, 732 So.2d 1065, 1069 (Fla.1999). To this end, we agree with the discussion in People v. Bernal, 101 Cal.App.4th 155, 123 Cal.Rptr.2d 622 (2002), regarding the distinctive purpose restitution serves in the criminal justice system compared to settlement agreements in civil cases:
Restitution is an effective rehabilitative penalty because it forces the defendant to confront, in concrete terms, the harm his actions have caused. Such a penalty will affect the defendant differently than a traditional fine, paid to the State as an abstract and impersonal entity, and often calculated without regard to the harm the defendant has caused. Similarly, the direct relation between the harm and the punishment gives restitution a more precise deterrent effect than a traditional fine.
While a settlement agreement with, and release of, a defendant's insurance company may reflect a victim's willingness to accept the amount paid in full satisfaction for all civil liability, it does not reflect the willingness of the People to accept that sum in satisfaction of the defendant's rehabilitative and deterrent debt to society. A restitution order pursuant to a defendant's plea is an agreement between the defendant and the state. The victim is not party to the agreement, and a release by the victim cannot act to release a defendant from his financial debt to the state any more than it could terminate his prison sentence.
Id. at 627 (citations, quotation marks, and footnotes omitted).
In addition to the distinct purposes served by restitution, we note that section 775.089(8) contemplates the coexistence of criminal restitution and a civil recovery. See State v. Williams, 689 So.2d 1233, 1234 (Fla. 2d DCA 1997). The statute provides that the amount of restitution shall be set off against any civil recovery, reflecting the Legislature's recognition that although the restitution obligation is primary, the victim should not receive a double recovery. Although section 775.089(8) assumes that restitution will precede a civil recovery, as the Fourth District has recognized, the sequence is not determinative.
[B]y the plain terms of this statute, the amount of restitution is set off against the wrongful death recovery, while in this case defendant argues that the wrongful death recovery should be set off against the amount of restitution. Nevertheless, the purpose of the statute is clear ...: to prevent the victim from forcing the defendant to pay twice....
Weinstein v. State, 745 So.2d 1085, 1086 (Fla. 4th DCA 1999). In Weinstein, the Fourth District reversed for an evidentiary hearing on whether a settlement for the policy limits encompassed all the damages suffered as a result of a wrongful death. Id. at 1087.
Although the restitution statute does not permit a double recovery of the same damages, the damages recoverable through restitution may include elements of damages not necessarily recoverable in a civil action, such as investigative expenses incurred to uncover the criminal activity. See Glaubius, 688 So.2d at 915. Additionally, restitution ordered as part of a criminal sanction includes coercive elements not available in the enforcement of a civil judgment, see Vereen v. State, 703 So.2d 1193, 1194 (Fla. 4th DCA 1997), and may also take into consideration the timing of repayment:

*244 A restitution award may take into consideration that the timing of repayment may cause the victim to suffer additional loss. A final judgment in a civil case speaks instantly; it fixes the amount due and compensates a plaintiff for a delay in payment by including an award of post-judgment interest. Although a restitution order may be enforced in the same manner as a civil judgment, recovery in this manner is unusual; restitution is more likely to occur when it is made a condition of a criminal sentence.
J.K. v. State, 695 So.2d 868, 869 (Fla. 4th DCA 1997) (footnote omitted). Thus, the award of restitution can include installment payments enforceable as a condition of probationa remedy not available in a civil lawsuit. See State v. Hitchmon, 678 So.2d 460, 462 (Fla. 3d DCA 1996).
Civil damages and criminal restitution are distinct remedies, both of which are available to the victim regardless of whether an enforceable civil obligation exists prior to sentencing. We agree with Judge Northcutt's well-reasoned dissent on this point in Vandonick, wherein he stated:
When assessing the victim's damage or loss, [a] prior settlement with the defendant would be a relevant consideration if the settlement amount reflected the true value of the victim's claim. But a variety of circumstances might induce a victim to settle [a] claim for less than [the] actual damagesproblems of proof, for example, or her immediate financial need, or the inadequacy of the defendant's liability insurance policy limits. Such considerations should have no bearing on the court's statutory duty to order restitution for the damage or loss caused by the defendant's criminal conduct. Where, as here, the settlement was for a sum which was less than the victim's damage or loss, an order imposing restitution based solely on the amount of the settlement would violate the clear requirements of the statute.
Vandonick, 800 So.2d at 241 (Northcutt, J., dissenting).
Because ordering restitution and setting a restitution amount are nondelegable judicial responsibilities, the defendant cannot defeat the trial court's statutory obligation to impose restitution as part of the criminal sanction by virtue of a settlement agreement and release in the civil case.[8] Of course, the amount of the settlement will be a relevant factor for the trial court to consider in determining the amount of restitution so as to prevent a *245 double recovery, which would be contrary to section 775.089(8). See Weinstein, 745 So.2d at 1086.

THIS CASE
In this case, imposing a restitution obligation on Kirby will not give the victim a double recovery, which is precluded by the "setoff" requirement of section 775.089(8). In arguing for restitution, the prosecutor noted that the victim settled for the $25,000 policy limit because he was unable to pay mounting medical bills. The prosecutor further explained that the victim's out-of-pocket expenses exceeded the policy limits and were related to medical bills, deductibles, and lost wagesall of which are recoverable under the restitution statute. Because the trial court denied an evidentiary hearing after concluding that Vandonick governed, the amounts of these items are not in the record.
Additionally, we note that in this case, Kirby received the benefit of a downward departure sentence of five years' probation rather than a prison term as specified in the sentencing guidelines based, in part, on the trial court's express finding that the need for "payment of restitution to the victim outweighed the need for a prison sentence."[9] At the time of the sentencing hearing, the settlement and release had already been executed. Because we do not have a transcript of the sentencing hearing, we do not know if the settlement agreement was brought to the trial court's attention at this time. However, if it were Kirby's position that the settlement agreement precluded an award of restitution, it was incumbent on him to bring this to the judge's attention. If the settlement agreement indeed precluded restitution, the victim's need for restitution could not serve as a basis for the downward departure.[10]

CONCLUSION
Based on the foregoing, we conclude that a settlement agreement between the victim and the defendant executed prior to the disposition of a criminal case does not constitute a clear and compelling reason for the trial court not to order restitution as a matter of law. We therefore approve Kirby and disapprove Vandonick to the extent that it is inconsistent with this decision. We remand this case for proceedings consistent with this decision, including a full evidentiary hearing pursuant to the restitution statute.
It is so ordered.
ANSTEAD, C.J., and WELLS, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
[2] We note that the Fifth District's opinion contains a scrivener's error in that it incorrectly represents that the settlement agreement was signed on April 7, 2001. See Kirby, 818 So.2d at 690.
[3] The release stated in pertinent part:

For the sole consideration of twenty-five thousand dollars ($25,000), the receipt and sufficiency whereof is hereby acknowledged the undersigned hereby releases and forever discharges Lori Jo and Gary K. Kirby, his/ her/their heirs, executors, administrators, agents, assigns, employers, employees, firms and corporations (hereinafter all referred to as "releasees") liable or who might be claimed to be liable, none of whom admit any liability to the undersigned... from any and all claims, demands, damages, actions, cause of action or suits of any kind or nature whatsoever, ... which have resulted or may in the future develop from an accident which occurred on or about the 20th day of November, 1999 ....
Except for the above stated releases, the undersigned reserves his/her/their right to bring legal action against and recover damages from any other person, firm, corporation or organization, inclusive but not limited to any personal injury protection insurance carrier, medical payment coverage insurer, group health insurance carrier or health care provider. This reservation does not include the parties released herein who are given a full and final release from any and all claims, demands, damages, actions, including all past, present and future claims for subrogation arising out of the above referenced accident.
[4] Both of these findings are valid reasons for imposing a downward departure sentence pursuant to section 921.0026, Florida Statutes (1999).
[5] Although the crime occurred in 1999, we note that the current version does not differ from the 1999 statute.
[6] If the court does not order restitution, or orders restitution of only a portion of the damages, the court is required by statute to "state on the record in detail the reasons thereof." § 775.089(1)(b) 1.
[7] In addition to section 775.089(1), section 948.03(1)(e), Florida Statutes (1999), also imposes this requirement.

948.03 Terms and conditions of probation or community control.
....
(e) Make reparation or restitution to the aggrieved party for the damage or loss caused by his or her offense in an amount to be determined by the court. The court shall make such reparation or restitution a condition of probation, unless it determines that clear and compelling reasons exist to the contrary. If the court does not order restitution, or orders restitution of only a portion of the damages, as provided in s. 775.089, it shall state on the record in detail the reasons therefor.
[8] Courts in other jurisdictions have also held that a release of liability cannot foreclose the State's ability to seek restitution if the State was not a party to the agreement. See State v. Iniguez, 169 Ariz. 533, 821 P.2d 194, 197 (Ct.App.1991)("[T]he distinction between civil damages and restitution means that the victim's release of civil liability does not prevent the court from ordering the criminal law remedy of restitution."). See also Fore v. State, 858 So.2d 982 (Ala.Crim.App. 2003) (same); People v. Maxich, 971 P.2d 268, 270 (Colo.Ct. App.1998) (same); State v. Applegate, 266 Kan. 1072, 976 P.2d 936, 938 (1999) (holding State not a party to settlement agreement and therefore a civil release of claims does not and cannot specifically preclude court-ordered restitution in a criminal case); People v. Bernal, 101 Cal.App.4th 155, 123 Cal.Rptr.2d 622, 627 (2002) (same); State v. DeAngelis, 329 N.J.Super. 178, 747 A.2d 289, 295 (Ct. App.Div.2000) (same); State v. Belfry, 416 N.W.2d 811, 813 (Minn.Ct.App.1987) (holding that "the state is not barred from seeking, or the court from imposing, reasonable restitution" even though the victims received a settlement); Urias v. State, 987 S.W.2d 613, 614 (Tex.App.1999) ("[T]he settlement on behalf of the injured party with the insurance company was not a bar to the trial court ordering restitution ...."); Dupin v. State, 524 N.E.2d 329, 331 (Ind.Ct.App.1988), overruling on other grounds recognized by Walker v. State, 582 N.E.2d 877, 881 n. 3 (Ind.Ct.App.1991) ("A partial civil settlement is not a substitute for restitution in criminal proceedings.").
[9] In this case, there was another legal basis for the court's downward departure sentence. However, if the trial court had been aware at the time of sentencing of Kirby's position that he was not obligated to pay restitution as a result of the settlement agreement and release, we do not know whether that fact might have influenced the trial court's decision to impose a downward departure sentence of probation.
[10] A victim's need for restitution is a valid reason for a downward departure sentence only if competent, substantial evidence shows the victim's need outweighs the need for incarceration. See § 921.0026(2)(e), Fla. Stat. (2001); Banks, 732 So.2d at 1068-69; Demoss v. State, 843 So.2d 309, 312 (Fla. 1st DCA 2003), review denied, No. SC03-995, 858 So.2d 330 (Fla. Sept. 18, 2003).