LAGOA, J.
The State appeals from an order denying restitution. We reverse and remand for a restitution hearing.
I. Factual and Procedural History
The appellee, Manuel Castro (“Castro”), was employed at a CVS pharmacy (“CVS”). On March 30, 2006, Castro was arrested after Patrick Fairly, the loss prevention specialist at CVS, found Castro leaving the store with a container full of men’s cologne. When the police arrived at CVS, Castro consented to a search of his car after advising the police that the cologne was inside the car. The cologne was returned to CVS and Castro was arrested. Fairly inventoried the merchandise, and the sworn complaint/arrest affidavit states that the value of the cologne was approximately $2,400. Castro was charged by information with one count of third degree grand theft of property valued at $300 or more but less than $5,000.
On June 5, 2006, the State advised the trial court that it was amending the information to charge second degree grand theft. Castro, however, agreed to plead to the correct amount of restitution without requiring the State to amend the information.[1] The trial court reset the matter for *218 June 19, 2006, in order to allow the parties time to “figure out the amount.”
At the June 19th hearing, Castro asked the trial court to reset the case in order to allow the State additional time to obtain documents from CVS regarding the amount. The trial court reset the matter for July 10, 2006, and stated “come to court clear on it Monday.” At the July 10th hearing, the State advised the trial court that three phone calls to Fairly had been made seeking to “obtain any further documentation from him [as to] the amount” but that Fairly failed to respond. In response, the trial court advised the parties that because Fairly “doesn’t care. I’ll accept probation and no restitution.” The State objected, requested a restitution hearing, and argued that as the result of a subsequent investigation, the estimate for restitution was now $9,700.
The trial court sentenced Castro to two years of probation and, over the State’s objection, waived restitution. Subsequently, the trial court entered an order denying restitution “since the allegation of loss was neither established, reasonable or credible, but rather was inflated, and probably per-jurious.” This appeal ensued.
II. Analysis
Restitution, unlike civil damages, is a criminal sanction. Kirby v. State, 863 So.2d 238, 242 (Fla.2003). “[T]he purpose of restitution is twofold (1) to compensate the victim and (2) to serve the rehabilitative, deterrent, and retributive goals of the criminal justice system.” Id. Although restitution which is ordered pursuant to a defendant’s plea bargain should be liberally construed in favor of making the victim whole, see Hercule v. State, 655 So.2d 1256, 1257 (Fla. 3d DCA 1995), a restitution order pursuant to a plea “is an agreement between the defendant and the state” to which the victim is not a party. Kirby, 863 So.2d at 243 (quoting People v. Bernal, 101 Cal.App.4th 155, 123 Cal.Rptr.2d 622, 627 (2002)). Accordingly, “[w]hile the victim’s wishes concerning restitution are relevant, they are not dispositive — it is the judge, not the victim, who must weigh society’s competing needs.” Banks v. State, 732 So.2d 1065,1069 (Fla.1999).
Florida’s restitution statute requires the trial court to order restitution for damage or loss caused by the defendant’s offense, unless the trial court finds clear and compelling reasons not to do so. The trial court must state on the record its reasons for not ordering restitution. Section 775.089, Florida Statutes (2006), states, in relevant part:
(l)(a) In addition to any punishment, the court shall order the defendant to make restitution to the victim for:
1. Damage or loss caused directly or indirectly by the defendant’s offense; and
2. Damage or loss related to the defendant’s criminal episode, unless it finds clear and compelling reasons not to order such restitution.
* ⅜ *
(b) 1. If the court does not order restitution, or orders restitution of only a portion of the damages, as provided in *219 this section, it shall state on the record in detail the reasons therefor.-
(emphasis added).
Section 948.08, Florida Statutes (2006), concerning conditions of a defendant’s probation, also imposes a restitution requirement:
(1) The court shall determine the terms and conditions of probation.... These conditions may include among them the following, that the probationer or offender in community control shall:
(e) Make reparation or restitution to the aggrieved party for the damage or loss caused by his or her offense in an amount to be determined by the court. The court shall make such reparation or restitution a condition of probation, unless it determines that clear and compelling reasons exist to the contrary. If the court does not order restitution, or orders restitution of only a portion of the damages, as provided in s. 775.089, it shall state on the record in detail the reasons therefor.
(emphasis added).
Given the statutory requirements of both sections 775.089 and 948.03 that restitution be imposed absent “clear and compelling reasons” not to do so, we find that the trial court abused its discretion.[2] Here, the trial court’s reason for denying restitution was not a “clear and compelling” reason. First, the trial court stated at the hearing that the victim was not interested in restitution. This is not in and of itself a “clear and compelling” reason as “the victim’s wishes concerning restitution are not relevant.” See Banks, 782 So.2d at 1069. Additionally, the trial court’s error is further compounded by the fact that Castro specifically agreed to restitution as a condition of his plea, and agreed to pay an amount of- restitution higher than that charged by the State in the information.
Moreover, the trial court’s written order finding that the allegation of loss was not “established, reasonable or credible, but rather was inflated, and probably perjurious” is also not supported by the record given that the trial court did not conduct a restitution hearing, and no evidence was presented below from which the trial court could have reached any of these conclusions. See State v. Hitchmon, 678 So.2d 460, 463 (Fla. 3d DCA 1996) (trial court’s order striking restitution condition on ground that victim had several opportunities to substantiate its loss but failed to do so was not supported by record; order reversed for proper restitution hearing).
Accordingly, we reverse the trial court’s order denying restitution and remand the matter to the trial court to conduct an evidentiary hearing on the proper amount of restitution. Any dispute as to the proper amount of restitution shall be resolved by the trial court by the preponderance of the evidence. See Section 775.089(7), Florida Statutes (2006).- See also Hitchmon, 678 So.2d at 463 (Fla. 3d DCA 1996). Moreover, if the trial court decides not to award restitution, it must provide detailed reasons on the record for the denial. See Section 775.089(l)(b)l.
Reversed and remanded.
SHEPHERD, J., concurs.

. The dissent asserts that the State failed to establish additional claimed damages beyond the $2,400 value of the returned cologne. In reaching this conclusion, the dissent overlooks the fact that Castro specifically agreed that the State did not need to amend its information to charge second degree grand theft, and further agreed to pay restitution in an amount greater than $2,400. The following exchange occurred:
MR. ELORTEGE: We will plea[d] to the correct restitution. State, you don’t need to amend it.
*218 THE COURT: You are interested in entering — what is the offer, probation with restitution?
MR. CLERMONT: Based on the amount it will be withhold [sic] and probation and restitution.
THE COURT: Whatever the amount of restitution. is that is okay with you?
MR. ELORTEGE: That is fine. I told the State if it is around five we'll ask for PTI.

. The standard of review when reviewing a trial court’s determination as to the proper amount of restitution is abuse of discretion. Koile v. State, 934 So.2d 1226, 1229 (Fla.2006).