ROTHENBERG, J.
 

 The State of Florida (“the State”) appeals from the downward departure imposed by the trial court over the State’s objection. Because the bases for the imposition of the downward departure sentence relied on by the trial court were either legally invalid or unsupported by competent substantial evidence, we reverse for imposition of a guidelines sentence, or in the alternative, the withdrawal of the defendant’s plea.
 
 State v. Walters,
 
 12 So.3d 298, 805 (Fla. 3d DCA 2009).
 

 On July 7, 2005, the defendant, Elvis Pita, entered into a negotiated plea with the State to resolve three separate felony cases consisting of seven felony and one misdemeanor offenses: (1) burglary of a Red Lobster Restaurant, possession of burglary tools, and criminal mischief in case no. F04-13870; (2) burglary of a Ruby Tuesday’s Restaurant and grand theft (of money) in case no. F04-13871; and (3) burglary of a Blockbuster Video store on two separate occasions and grand theft (of money) in case no. F04-13872. Pursuant to the plea, Pita pled guilty to the charges, was adjudicated guilty, and received a sentence of eighteen months community control (house arrest), followed by five years of probation, with the special condition that he pay restitution. This plea was offered despite the fact Pita had previously been convicted of aggravated assault with a deadly weapon, grand theft, and aggravated assault on a law enforcement officer, and he scored 22.35 months to thirty-five years under the Criminal Punishment Code.
 

 Despite the substantial gift and opportunity afforded the defendant, he continued to violate the law and was arrested five more times on five separate felony cases while on probation. The defendant was able to continue engaging in criminal activity because he was inexplicably released on his own recognizance after each new felony arrest while on probation (except upon his fifth felony arrest which finally put a stop to the defendant’s criminal activity), even though an affidavit of violation of probation was filed upon each new arrest which enabled the trial court to hold the defendant in custody without bond.
 

 The new arrests were as follows: (1) on March 15, 2006, for the theft of a boat valued in excess of $100,000 on or about December 29, 2005, less than six months after the defendant had entered his plea and was placed on house arrest, in case number F06-8371; (2) on September 17, 2008, for title fraud in case number F06-34368; (3) on December 16, 2008, for two counts of grand theft vehicle, one count of unlawful possession of a motor vehicle registration, title, or bill of sale and one count of organized scheme to defraud in case number F08-45903; (4) on March 4, 2009, for theft of a motor vehicle on September 7, 2008, in case number F09-7379; and (5)
 
 *560
 
 on August 21, 2009, for grand theft of a motor vehicle, unlawful possession of an altered VIN number, and for unlawful sale of a fraudulent vehicle title on July 28, 2009, in case number F09-27681.
 

 The State filed a notice to seek an enhanced penalty under the habitual offender statute as to the new charges filed in case numbers F06-8371, F06-34368, F08-45903, and F09-7379,
 
 [1]
 
 and was seeking a ten-year sentence as a habitual offender. The record reflects that the defendant was facing a sentence of between 22.35 months and thirty-five years’ incarceration for the violation of his probation in case numbers F04-13870, F04-13871, and F04-13872, and a consecutive sentence of anywhere from 6.8 years to life as a habitual offender for the new felony offenses charged in case numbers F06-8371, F06-34368, F08-45903, and F09-7379. However, the trial court departed from the guidelines in both the probation cases and the new felony cases and sentenced the defendant to 364 days in the county jail on the probation cases and a concurrent habitual offender sentence of 364 days in the county jail followed by two years of community control with restitution for the new felony offenses. Unlike some cases we have seen, the State objected timely and with specificity as to the downward departure sentences imposed by the trial court.
 

 Although the trial court may in its discretion impose a sentence below the sentencing guidelines, it must articulate valid legal grounds for doing so and the grounds articulated must be supported by competent substantial evidence.
 
 Banks v. State,
 
 732 So.2d 1065, 1067 (Fla.1999);
 
 State v. Salgado,
 
 948 So.2d 12, 15 (Fla. 3d DCA 2006);
 
 State v. Carlson,
 
 911 So.2d 234, 236 (Fla. 2d DCA 2005). The grounds relied on by the trial court were either legally invalid or unsupported by the record. They will be addressed individually.
 

 1.
 
 That the plea resulted from an un-coerced plea bargain
 

 Although, to his credit, defense counsel on appeal admits that under the facts of these cases, this is a legally invalid ground for imposition of a downward departure sentence, we will address it to provide guidance to the trial courts.
 

 While an uncoerced plea bargain may constitute a valid ground for departure below the recommended guidelines, this ground contemplates an agreement between the State and the defendant which is approved by the trial court, not a situation where the defendant enters an open plea with the court with the promise by the trial court that it will impose a particular sentence.
 
 State v. Beck,
 
 763 So.2d 506, 508 (Fla. 4th DCA 2000),
 
 disagreed with on other grounds by State v. Van Bebber,
 
 848 So.2d 1046 (Fla.2003) (finding that “a plea bargain contemplates an ‘agreement’ between the state and the defendant which is approved by the court,” thus “it was error for the trial court to depart from the guidelines on this basis”);
 
 State v. Honiker,
 
 675 So.2d 681, 682 n. 1 (Fla. 2d DCA 1996) (“While a ‘legitimate, uncoerced plea bargain’ is generally a valid reason to depart from the guidelines, the state did not join with the trial court and [the defendant] in the plea bargain reached in this case and is not bound by it.”);
 
 State v. Johnson,
 
 512 So.2d 1116, 1117 (Fla. 3d DCA 1987) (“If the ‘departure’ sentence is one to which the State did not agree, it is as though no plea bargain had occurred, and the court must justify its departure.”). In the instant cases, the State clearly and unequivocally objected to the trial court’s downward departure and
 
 *561
 
 specifically put the trial court on notice that because the State was not involved in, and objected to, the departure sentence, this was not a legally valid ground.
 

 2.
 
 That the defendant paid the court-ordered restitution for the cases in which he was serving probation
 

 This Court has previously rejected this reason for imposition of a downward departure sentence.
 
 See State v. Walters,
 
 12 So.3d 298, 303 (Fla. 3d DCA 2009) (holding that the law does not excuse the consequences of a theft based on a thiefs ability to make his victim monetarily whole). Although the victim’s need for restitution may have been a motivation for the original probation sentences imposed, the payment of restitution, which was a requirement under the original plea bargain in which the defendant received probation, cannot constitute a legally valid basis for a downward departure for a subsequent sentence imposed for the violations of the defendant’s probation, especially, as here, where the violations are the commission of additional felony offenses.
 

 3.
 
 That the need for restitution outweighs the need for prison as to the new felony cases
 

 Although section 921.0026(2)(e), Florida Statutes (2009), permits the imposition of a downward departure sentence where the “need for payment of restitution to the victim outweighs the need for a prison sentence,” there must be competent substantial evidence demonstrating that the victim’s need does in fact outweigh the need for incarceration.
 
 Kirby v. State,
 
 863 So.2d 238, 245 (Fla.2003);
 
 Walters,
 
 12 So.3d at 303 (finding departure sentence invalid where no pressing need for restitution was shown where insurance company, as part of its normal business expectations, had already reimbursed the victim);
 
 State v. Kasten,
 
 775 So.2d 992, 998 (Fla. 3d DCA 2000).
 

 In the instant cases, there was absolutely no record evidence regarding any of the victims’ overriding need for restitution. In case number F06-34368 the trial court ordered no restitution. In case number F06-8371 the record evidence was that the victim paid the $1,000 deductible required under the victim’s insurance policy and the insurance company paid the remainder. The record reflects that in case number F08-45903, which involved two thefts, the insurance company paid the claim and had filed a civil lawsuit against the defendant to recover its damages regarding the first theft, and no restitution was awarded as to the second theft. As to case number F09-7379, there was no testimony or proffer indicating whether or not the victim’s loss was covered by insurance. What is clear, however, is that there was no evidence that any of the victims had suffered “greater than normal harm” as required by
 
 Walters
 
 or had requested that the defendant be placed on probation to permit the payment of restitution. We therefore find that this ground for a downward departure from the sentencing guidelines was unsupported by the record and thus invalid.
 

 4.That defendant “cooperated” with State and Federal authorities
 

 The record reflects that the defendant cooperated with law enforcement and provided useful information regarding narcotics offenses, auto theft, and fraud. However, his cooperation predated the commission of many of the offenses he was facing at the time of his plea. Additionally, the State noted that the defendant’s cooperation was of little value after he committed additional offenses undermining his credibility and value as a witness. There also was no evidence that any of the
 
 *562
 
 information provided by the defendant led to the arrest, prosecution, and conviction of those involved. We therefore conclude that this ground was invalid.
 
 See State v. Quintanal,
 
 791 So.2d 23 (Fla. Bd DCA 2001).
 

 5.
 
 The defendant’s remorse
 

 As the defendant concedes, remorse as a basis for a downward departure must be accompanied by two additional elements: that the offense was committed in an unsophisticated manner and it was an isolated incident.
 
 See State v. Salgado,
 
 948 So.2d 12, 16 (Fla. 3d DCA 2006) (finding that section 921.0026(2)(j) permits a downward departure where an offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse, and this ground is valid only where substantial competent evidence supports all three elements). While we make no comment regarding the genuineness of the defendant’s remorse, there was no evidence submitted that any of the defendant’s numerous criminal offenses were unsophisticated, and it is certainly well established that his criminal conduct did not constitute an isolated event.
 

 6.
 
 The “weakness
 
 ”
 
 of the State’s evidence
 

 The defendant also recognizes the invalidity of this ground for departure. Because none of these cases had gone to trial nor been subject to a motion to dismiss or other means of evaluating the evidence, it is uncertain how the trial court came to this conclusion. We note, however, that it is the function of the jury as the trier of fact to determine the strength and sufficiency of the evidence and the credibility of the witnesses. More importantly, defense counsel admitted that at least as to one of the cases, the defendant was “dead to rights.” We note as well that the defendant was facing up to thirty-five years on the probation cases, the standard of proof is substantially lower than what is required to obtain a conviction in a criminal trial, and the sentence the defendant could have received on any one of the new cases was at least ten years as a habitual offender.
 

 Conclusion
 

 Because none of the grounds articulated by the trial court were legally valid, we reverse the sentences imposed and remand for entry of guidelines sentences, or in the alternative, to allow the defendant to withdraw his plea.
 

 Reversed and remanded.
 

 [1]
 

 . The charges in case number F09-27681 were "no actioned” by the State.