MAKAR,
J.,'concurring.
An underlying issue in this case is how far back in time may a court look in determining a defendant’s cooperation for purposes of section 921.0026(2)(i), Florida Statutes, which provides that a downward departure from the lowest possible sentence may be reasonably justified in a non-capital felony case when “[t]he defendant cooperated with the state to resolve the current offense or any other offense.” Hill asserts that she cooperated with the police in two unrelated prior cases, which she claims should have formed a basis for downward departure on her current sentence.
The trial court denied relief, in part, due to its reliance on the Third District’s decision in State v. Pita, 54 So.3d 557, 561 (Fla. 3d DCA 2011), which it interpreted to mean that a defendant’s cooperation is not a legally valid ground for departure where it “predates any of the offenses” that a defendant currently faces. Pita, however, cannot be read so broadly as to prohibit all prior instances of cooperation that predate a current offense. In rejecting the claim that prior defendant’s cooperation was a legally valid basis for a downward departure, the Third District stated:
The record reflects that the defendant cooperated with law enforcement and provided useful information regarding narcotics offenses, auto theft, and fraud. However, his cooperation predated the commission of many of the offenses he was facing at the time of his plea. Additionally, the State noted that the defendant’s cooperation was of little value *1004 after he committed additional offenses undermining his credibility and value as a witness. There also was no evidence that any of the information provided by the defendant led to the arrest, prosecution, and conviction of those involved. We therefore conclude that this ground was invalid.
Id. at 561-62. As is evident, the appellate court considered several factors in concluding that a downward departure was improper. It did not say that cooperation in cases that predated the current offense can never be considered; instead, it was considered a factor in combination with others. A plain reading of the statute, which places no temporal limit on when cooperation was provided, does not support a total prohibition; if the legislature had meant to do so the statute might have been written to apply to cooperation used to “resolve the current offense or any other offense predating the current offense.”
Despite the trial court’s reading of Pita on the temporal issue, its holding is supportable because it also concluded that there was not “any evidence that [Hill’s cooperation] helped law enforcement.” The burden was on Hill to show how and whether her prior cooperation assisted the state in resolving other offenses, whether they predated the current offense or not. State v. Tyrrell, 807 So.2d 122, 125 (Fla. 5th DCA 2002). Having failed to convince the trial court of the relevance of her cooperation, I concur in affirmance.