# Third District Court of Appeal

## State of Florida

Opinion filed August 23, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2876
Lower Tribunal No. 14-890-A-K

_____

**The State of Florida,**
Appellant,

vs.

**Derek Lang Shine Jr.,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Mark H. Jones, Judge.

Pamela Jo Bondi, Attorney General, and Robert Martinez Biswas, Assistant Attorney General, for appellant.

Carlos J. Martinez, Public Defender, and Harvey J. Sepler, Assistant Public Defender, for appellee.

Before ROTHENBERG, C.J., and SUAREZ and FERNANDEZ JJ.

SUAREZ, J.

The state of Florida appeals the downward departure sentence imposed upon

Defendant Derek Lang Shine on December 22, 2015 in connection with a

probation violation.[1]  Finding that the trial court failed to provide a valid legal ground for its downward departure, we reverse.

In 2015 Shine was convicted and sentenced to three years of drug offender probation, pursuant to a plea agreement with the state.  Later in 2015 Shine violated his probation and the trial court revoked probation and sentenced him to 40 months of prison followed by 40 months of probation for count one and a concurrent term of 40 months prison, followed by a concurrent term of 12 months of probation for count two.  The sentence imposed was a downward departure sentence to which the state objected.

The trial court's written sentencing order states that the downward departure was based on the fact that "Defendant has been granted a previous downward departure based on a valid uncoerced plea agreement . . . [and] it would be inappropriate, too harsh and contrary to the principles of graduated sanctions to

---

[1] The state filed two separate appeals in connection with Defendant's sentences which were imposed simultaneously and which were intended to run concurrently. In case number 15-2876 the state appeals the sentence imposed in connection with lower tribunal case number 2014-CF-890 (i. sale of cocaine within 1000 feet of a convenience business on September 4, 2014 and ii. unlawful use of a two-way communications device). In case number 15-2877 the state appeals the sentences imposed in connection with lower tribunal number 2014-CF-891 (i. sale of cocaine within 1000 feet of a convenience business on September 3, 2014 and ii. unlawful use of a two-way communications device).  We hereby consolidate Third District case numbers 15-2876 and 15-2877 under case number 15-2876.  We note that because both sentences were imposed at the same time and were intended to be served concurrently, there was no necessity for the filing of two separate cases and we encourage the state to appeal simultaneous sentences under a single case in the future.

now sentence the Defendant to 73.65 months imprisonment which is the lowest permissible prison sentence, absent a downward departure."

We conclude that the trial court's reasoning does not amount to a valid legal basis for the downward departure sentence imposed.  See State v. Pita, 54 So. 3d 557 (Fla. 3d DCA 2011); State v. Salgado, 948 So. 2d 12 (Fla. 3d DCA 2006); § 921.0026 Fla. Stat. 2014.

Consequently, we reverse and remand for resentencing at which the trial court may again impose a downward departure sentence, but such must be a recognized legally permissible reason for such sentence.

Reversed and remanded.