569 So.2d 1349 (1990)
Dorothy PATERNO, Appellant,
v.
Rose FERNANDEZ and Stephen Fernandez, Appellees.
No. 89-2874.
District Court of Appeal of Florida, Third District.
November 13, 1990.
James K. Pedley, Fort Lauderdale, for appellant.
George dePozsgay, Miami, for appellees.
Before JORGENSON, COPE and GODERICH, JJ.
PER CURIAM.
The defendant, Dorothy Paterno, appeals the trial court's non-final order granting the plaintiffs' motion for partial summary judgment as to the issue of liability. We affirm.
The State brought criminal charges against the defendant for criminal acts allegedly committed against the plaintiffs, Rose Fernandez and Stephen Fernandez. On September 8, 1987, the defendant plead guilty to an information charging her with grand theft in the first degree.[1] The trial *1350 court ordered the defendant to pay $50,000.00 as investigative costs and/or restitution.
The plaintiffs filed a second amended complaint [complaint] alleging several causes of action against the defendant and others. Specifically, Count IV of the complaint states a cause of action for civil theft against Joseph Paterno and Dorothy Paterno [collectively referred to as Paternos] alleging that the plaintiffs delivered $850,000.00 to the Paternos and others, that the Paternos took the funds with the intent of stealing the funds, and that they actually did steal the funds. Count IV demands judgment against the defendant and the Estate of Joseph Paterno, jointly and severally.
The plaintiffs filed a motion for partial summary judgment as to Count IV. In support of the motion, the plaintiffs argued that the defendant is estopped from denying the allegation that she stole money from the plaintiffs where she had already admitted that she had done so by her guilty plea in the underlying criminal charges. See §§ 775.089(8) and 772.14, Fla.Stats. (1985). In opposition to the motion, the defendant filed an affidavit stating that she plead guilty to grand theft charges to avoid the risk of trial and to close the criminal case.[2] She also stated that she did not steal any money from the plaintiffs. The trial court granted the motion. The defendant appeals.
The defendant contends that the trial court erred in granting the motion for partial summary judgment as to liability where her affidavit in opposition of summary judgment raises a question of material fact. We disagree.
The defendant now wishes to deny, through her affidavit, the very fact which she plead guilty, that she stole $20,000 or more from the plaintiffs. Section 775.089(8), Florida Statute (1985) reads in pertinent part as follows: "The conviction of a defendant for an offense involving the act giving rise to restitution under this section shall estop the defendant from denying the essential allegations of that offense in any subsequent civil proceeding." § 775.089(8), Fla. Stat. (1985).
Section 775.089(8) requires that the defendant be convicted of "an offense involving the act giving rise to restitution under this section... ." First, there is no doubt that the defendant was convicted since a guilty plea was entered. See Long v. State, 529 So.2d 286 (Fla. 1988) (guilty plea is an agreement for the entry of a conviction); Lee v. State, 204 So.2d 245 (Fla. 4th DCA 1967), cert. denied, 210 So.2d 868 (Fla. 1968) (guilty plea is a conviction). Secondly, there is no dispute that the defendant was convicted of an offense for which restitution was ordered. As a result, section 775.089(8) mandates that the defendant is estopped "from denying the essential allegations of that offense in any subsequent civil proceeding." In the instant case, the "essential allegations," inter alia, are that the defendant committed the crime of grand theft in the first degree when she took $20,000.00 or more from the plaintiffs with the intent to deprive them of the right to their property and appropriated the property for her use or for the use of others. Thus, the defendant's affidavit in opposition to the plaintiffs' motion for partial summary judgment does not, by law, raise a genuine issue as to any material fact.
The defendant also contends that the trial court erred in finding that Section 775.089(8) is constitutional as applied to her case. We disagree.
*1351 Florida courts have not dealt with the constitutionality of section 775.089(8), and thus the federal court's treatment of its similar section is applicable. Section 775.089(8) is almost identical to 18 U.S.C. § 3580(e) (1982)[3] which is part of the Federal Victims Witness Protection Act of 1982.[4]
Federal courts have upheld the constitutionality of the collateral estoppel provision. See United States v. Palma, 760 F.2d 475 (3d Cir.1985); United States v. Satterfield, 743 F.2d 827 (11th Cir.1984), cert. denied, 471 U.S. 1117, 105 S.Ct. 2362, 86 L.Ed.2d 262 (1985); United States v. Brown, 744 F.2d 905 (2d Cir.), cert. denied, 469 U.S. 1089, 105 S.Ct. 599, 83 L.Ed.2d 708 (1984). In Satterfield, the court stated that "[t]he facts underlying a criminal offense that gives rise to a restitution order will be given collateral estoppel effect only if they were fully and fairly litigated at the criminal trial, or stipulated through a guilty plea." Satterfield, 743 F.2d at 838. The defendant argues that the facts underlying the criminal offense were not fully and fairly litigated at a criminal trial or stipulated through a guilty plea, and therefore, collateral estoppel effects may not be applied. We disagree with this argument.
In pleading guilty to an information charging her with the crime of grand theft in the first degree, the defendant admitted all facts contained in the information, that she committed the crime of grand theft in the first degree when she took $20,000.00 or more from the plaintiffs with the intent to deprive them of the right to their property and appropriated the property for her use or for the use of others. Thus, we find that the facts underlying the criminal offense were stipulated through a guilty plea.[5]
Since we find that Section 775.089(8), Florida Statutes (1985), is constitutional and that the trial court did not err in granting the partial summary judgment as to the issue of liability, we find no need in addressing the plaintiffs' contention that Section 772.14, Florida Statutes (1985) also estops the defendant from denying the theft of $20,000.00 or more.
AFFIRMED.
NOTES
[1] The information stated in pertinent part:

"Dorothy Paterno, beginning on or about the 1st day of September, 1982, and continuing through the 20th day of June, 1985, ... did knowingly, unlawfully and feloniously obtain or use, or did endeavor to obtain or use MONEY, good and lawful currency of the United States of America, the property of ROSE FERNANDEZ and/or STEPHEN FERNANDEZ, value of TWENTY THOUSAND DOLLARS ($20,000.00) or more, with the intent to deprive said ROSE FERNANDEZ and/or STEPHEN FERNANDEZ of the right to the property or of a benefit therefrom or to appropriate the property to her own use or to the use of any person not entitled thereto... ."
[2] Although the defendant now alleges in her affidavit that she plead guilty as a matter of convenience, neither the plea agreement nor the plea colloquy reflects that convenience was the reason for the plea.
[3] 18 U.S.C. § 3580(e) provides as follows:

A conviction of a defendant for an offense involving the act giving rise to restitution under this section shall estop the defendant from denying the essential allegations of that offense in any subsequent Federal civil proceeding or State civil proceeding, to the extent consistent with State law, brought by the victim.
[4] 18 U.S.C. § 3580(e) has since been renumbered as 18 U.S.C. § 3664 (e).
[5] The partial summary judgment establishes only that Paterno is liable for theft of an uncertain sum ($20,000 or more), the exact amount of which remains to be established in further proceedings below.