750 So.2d 752 (2000)
J & P TRANSPORTATION, INC. and Peter Wood, Appellants,
v.
FIDELITY AND CASUALTY COMPANY OF NEW YORK, Appellee.
No. 5D99-385.
District Court of Appeal of Florida, Fifth District.
February 4, 2000.
Richard E. Whitaker of Bogin, Munns & Munns, Orlando, for Appellants.
Alex P. Rosenthal and Peter L. Meltzer, of Reimer & Rosenthal, LLP, Hollywood, for Appellee.
W. SHARP, J.
J & P Transportation, Inc. and Wood appeal from a final judgment in favor of Fidelity and Casualty Company of New York which was based on documents and a restitution judgment in a criminal case against Wood. We affirm.
In 1991, Wood, the vice president of J & P Transportation, applied for workers *753 compensation coverage from Fidelity, based on a payroll of $212,000. Fidelity issued coverage and renewed coverage for 1992 and 1993. When an audit revealed that the payroll was much greater than Wood had stated, and would have required payment of a greater insurance premium, Fidelity canceled coverage effective June, 1993.
Fidelity sued appellants to recover the additional premiums the company should have paid, based on its actual payroll. Six months later, in August of 1996, the state filed an information against Wood, charging him with grand theft arising out of this transaction. He pled guilty and was ordered to pay restitution to Fidelity in the amount of $677,147.60.
Fidelity then amended its complaint to include a count for civil theft, and moved for partial summary judgment on this count based on the restitution judgment. Its motion was granted and Fidelity dropped the remaining counts.
The Legislature enacted sections 772.14 and 775.089(8) to aid crime victims in obtaining a civil recovery against the defendant. These sections provide as follows:
772.14. Estoppel of defendant
A final judgment or decree rendered in favor of the state in any criminal proceeding concerning the conduct of the defendant which forms the basis for a civil cause of action under this chapter, or in any criminal proceeding under chapter 895, shall estop the defendant in any action brought pursuant to this chapter as to all matters as to which such judgment or decree would be an estoppel as if the plaintiff had been a party in the criminal action.
* * *
775.089. Restitution
(8) The conviction of a defendant for an offense involving the act giving rise to restitution under this section shall estop the defendant from denying the essential allegations of that offense in any subsequent civil proceeding. An order of restitution hereunder will not bar any subsequent civil remedy or recovery, but the amount of such restitution shall be set off against any subsequent independent civil recovery.
These statutes estop a defendant from denying the essential elements of a crime in a subsequent civil proceeding involving the same matters. See Board of Regents of the State of Florida v. Taborsky, 648 So.2d 748 (Fla. 2d DCA 1994), rev. denied, 654 So.2d 920 (Fla.1995); Sun Chevrolet, Inc. v. Crespo, 613 So.2d 105 (Fla. 3d DCA 1993). This matter is properly resolved by summary judgment. See Board of Regents; Paterno v. Fernandez, 569 So.2d 1349 (Fla. 3d DCA 1990), rev. denied, 581 So.2d 1309 (Fla.1991).
In this case, the appellants argue Fidelity's complaint for civil theft sought damages for theft of insurance premiums, but the criminal charges concerned theft of insurance coverage. This is too fine a distinction. It is clear the criminal and civil suits were based on the same wrongful acts: stealing workers compensation coverage by underreporting the payroll and paying an inadequate premium for the coverage obtained.
The probable cause affidavit from the Florida Department of Insurance concluded Fidelity had suffered a loss of premium monies of over two million dollars, based on Wood's fraudulent reporting of payroll. And the restitution judgment in the criminal case ordered Wood to pay "restitution for premium losses due to theft in the case." Since the criminal case and civil lawsuit are based on the same acts or conduct, Fidelity is not required to relitigate the issues resolved in the criminal case and partial summary judgment was properly entered in this proceeding. See Paterno.
AFFIRMED.
HARRIS and PETERSON, JJ., concur.