PER CURIAM.
Roberto Rigal appeals from an order of final summary judgment. We affirm. Sections 772.14 and 775.089, Florida Statutes (1993 and Supp.1994) “estop a defendant from denying the essential elements of a crime in a subsequent civil proceeding involving the same matters.” J & P Transp., Inc. v. Fid. & Cas. Co. of N.Y., 750 So.2d 752 (Fla. 5th DCA 2000). In the *638 criminal case that involved the same matter, the jury determined, and on appeal this court held, that Rigal was not a partner who was entitled to take a share of the firm’s money. See Rigal v. State, 780 So.2d 256, 258 (Fla. 3d DCA 2001) (“Since Rigal did not own any shares in LBSS, he was nothing more than an employee of the firm and thus could not be a co-owner.”).
AFFIRMED.[1]

. Our affirmance includes that part of the order of summary judgment that denies the firm’s claim for reimbursement of compensation paid to Rigal in 1994 and 1995.