920 So.2d 791 (2006)
James Thomas STAFFORD, Appellant,
v.
DON REID FORD, INC., et al., Appellee.
No. 5D05-2413.
District Court of Appeal of Florida, Fifth District.
February 17, 2006.
*792 Charles M. Greene of Greene & Lee, P.L., Orlando, for Appellant.
Arthur J. Ranson, III, and Stacy L. Wilde of Shuffield, Lowman & Wilson, P.A., Orlando, for Appellee.
TORPY, J.
Appellant challenges the summary judgment entered against him for civil theft. The sole issue on appeal is whether a restitution judgment entered in favor of Appellee in the criminal proceeding arising from the same theft precluded Appellant from defending this civil action under statutory estoppel provisions. Concluding that Appellant was estopped from defending the civil proceeding, we affirm.
In the criminal proceeding, Appellant and co-defendant, Southern, were charged with committing a "Scheme to Defraud of $50,000 or more."[1] Pursuant to a negotiated plea agreement, Appellant pled guilty and agreed to the entry of a restitution order in favor of Appellee in the amount of $225,000. At the plea and sentencing hearing, without objection from Appellant, the prosecutor proffered the following factual basis to support the criminal conviction:
Your Honor, had this case proceeded to trial, the State was prepared to prove that on or about the 1st day of June, 1999, through and up until the 7th day of September of 2001, the defendant in this case was engaged in selling products to Don Reid Ford under the direction of a Mr. Southern.
Mr. Southern, who was in charge of the Get-Ready Department, was in charge of the inventory of that particular department in Don Reid Ford. The defendant in this case would send the invoices to Don Reid Ford, and those invoices would be for merchandise that had never been received by Don Reid Ford.
Mr. Southern would receive cash payments in the amount of about $3,000 at a time, from the defendant in this case, in order to sign off on those faulty invoices. That's per  over those courses of years, and it resulted in a loss to Don Reid Ford of well  alleging around $300,000 at this time, for purposes of our plea, to which the loss attributed to Mr. Stafford was $225,000 and as to Mr. Southern, it was $75,000.
In addition to this, Your Honor, over the course of those same years, the defendant in this case, along with the co-defendant, covered up their transgressions by stacking the inventory of Don Reid Ford with parts from Mr. Stafford's own warehouse, as well as that from Al Morganelli's warehouse, in order to fill Don Reid's inventory so that it would look appropriate to the inventory and that  the monies that they had paid out. A surprise audit revealed the discrepancy at Don Reid Ford.
That all occurred here in Orange County, Florida.
The court found that there was a factual basis to accept Appellant's guilty plea, adjudicated him guilty, and sentenced him to ten years of supervised probation. The court further required Appellant to pay $225,000 in restitution plus interest at the statutory interest rate. The court's Restitution Order, which was later reduced to a final judgment, provided:
Based either upon the preponderance of the evidence presented or the victim's claim and the Defendant's agreement, this Court finds that Defendant's offense directly caused damage or loss to the victim. The Defendant shall pay to the *793 victim, Don Reid Ford; 1875 S. Orange Ave, Maitland FL 32751 as restitution the sum of $225,000.00.
In the instant action, Appellee sued Appellant for, among other things, civil theft based on the same acts that gave rise to the criminal prosecution.[2] After Appellant's criminal case was completed, Appellee filed a motion for summary judgment. The lower court entered summary final judgment against Appellant, from which this appeal was timely taken.
As it did below, Appellee relies on sections 772.14 and 775.089(8), Florida Statutes, as support for its position. Those sections provide:
772.14 Estoppel of defendant.  A final judgment or decree rendered in favor of the state in any criminal proceeding concerning the conduct of the defendant which forms the basis for a civil cause of action under this chapter... shall estop the defendant in any action brought pursuant to this chapter as to all matters as to which such judgment or decree would be an estoppel as if the plaintiff had been a party in the criminal action.
775.089 Restitution. 
(8) The conviction of a defendant for an offense involving the act giving rise to restitution under this section shall estop the defendant from denying the essential allegations of that offense in any subsequent civil proceeding. An order of restitution hereunder will not bar any subsequent civil remedy or recovery, but the amount of such restitution shall be set off against any subsequent independent civil recovery.
§§ 772.14 and 775.089(8), Fla. Stat. (2005).
The plain intent of these statutes is to eliminate the common law requirement of identity of parties for collateral estoppel to be used offensively in a civil theft suit. Starr Tyme, Inc. v. Cohen, 659 So.2d 1064, 1067 (Fla.1995). Thus, a defendant who is convicted in a criminal proceeding involving the conduct that forms the basis of the civil claim is estopped from challenging "all matters as to which such judgment or decree would be an estoppel as if the plaintiff had been a party in the criminal action." § 772.14, Fla. Stat. (2005). This includes all matters that are actually and necessarily adjudicated in the prior action. Starr Tyme, 659 So.2d at 1068-69; Gordon v. Gordon, 59 So.2d 40, 44 (Fla. 1952).
Clearly, the estoppel statutes apply here. It is without dispute that the criminal proceeding and civil claim arose from the same "conduct." Furthermore, the quantum of damages owed to Appellee as a consequence of Appellant's criminal scheme was actually adjudicated in the criminal proceeding as determined by final judgment. Finally, the resolution of this issue was necessary to the proceeding because, by statute, the criminal court was required to determine these damages and order restitution. § 775.089(1)(a), Fla. Stat. (2005).
Although Appellant acknowledges that these estoppel statutes authorize entry of summary judgment on liability, citing Starr Tyme, Appellant argues that the trial court erred by entering summary judgment against him for damages in excess of $50,000, which is the minimum monetary threshold to prove the crime for which Appellant was convicted. We disagree with Appellant's interpretation of the holding in Starr Tyme.
*794 In Starr Tyme, the defendant had been convicted of petit theft, which, by definition, involves the theft of property having a value of less than $300. Although during the criminal proceeding, the defendant agreed to pay restitution in the amount of $3,000.00, the court limited the preclusive effect of the criminal proceeding to the monetary ceiling (not the floor) for a petit theft charge. It held, therefore, that the defendant was estopped only from defending against entry of judgment for $299.99, which when trebled under the civil theft statute resulted in a total judgment of $899.97.
Here, by contrast, Appellant was convicted of a crime for which the floor is $50,000, but for which there is no ceiling. Therefore, Starr Tyme in fact supports the lower court's judgment because the restitution amount was within the monetary parameters of the crime.[3]
AFFIRMED.
PLEUS, C.J. and MONACO, J., concur.
NOTES
[1] § 817.034(4)(a)1., Fla. Stat. (2005).
[2] The civil action was brought pursuant to the Civil Remedies for Criminal Practices Act, Chapter 772, Florida Statutes (2005).
[3] Although Appellee has offered other reasons for distinguishing Starr Tyme, including the fact that the Starr Tyme court did not consider the effect of section 775.089(8), Florida Statutes (2005), we find it unnecessary to our determination of this case to address these issues.