974 So.2d 1082 (2007)
Roxanne Elizabeth PETERSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 2D04-5383, 2D05-901.
District Court of Appeal of Florida, Second District.
February 2, 2007.
*1083 James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Elba Caridad Martin, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
In these consolidated cases, Roxanne Elizabeth Peterson appeals her sentence for scheming to defraud and the trial court's restitution order. We find error only in the trial court's calculation of the amount of restitution that it ordered Ms. Peterson to pay. Accordingly, we affirm Ms. Peterson's sentence, but we vacate the restitution order and remand for the trial court to recalculate the amount of restitution to be paid to the victim of the offense.

The Sentence  Case No. 2D05-901
Because of error occurring in the first two sentences that were imposed on Ms. Peterson, she was sentenced a total of three times. The trial court conducted the third sentencing hearing on December 2, 2005. At that hearing, the trial court sentenced Ms. Peterson to serve a term of 13.4 months in prison, followed by 2 years on community control, and an additional 20 *1084 years on probation. The total length of the third sentence exceeded the length of each of the two prior sentences by 1.4 months. Ms. Peterson argues that the trial court did not have jurisdiction to impose the third sentence and that the first and second sentences were illegal. In addition, Ms. Peterson asks this court to hold that the third sentence was also illegal so that the trial court will not repeat this error in any new sentence that may be imposed on remand.
Initially, we conclude that the trial court did retain jurisdiction to impose the third sentence on December 2, 2005. The order entered by Judge Mills on August 29, 2005, effectively extended the period for the correction of Ms. Peterson's second sentence so that the trial court had jurisdiction to impose the third sentence. See Davis v. State, 887 So.2d 1286, 1287 (Fla. 2004) (finding that a trial court's order rescheduling a hearing beyond the sixty-day window prescribed in Florida Rule of Criminal Procedure 3.800(b)(1)(B) implicitly extended the time allowed for the trial court to hear and rule on the defendant's motion to correct sentencing error). We also agree with Ms. Peterson that both her first and second sentences were illegal. It follows that the trial court could "resentence [her] `in accordance with the valid laws in effect' on the date that the defendant committed the relevant offense." Plute v. State, 835 So.2d 368, 369 (Fla. 2d DCA 2003) (quoting Heggs v. State, 759 So.2d 620, 630-31 (Fla.2000)). Unfortunately for Ms. Peterson, those valid laws include the possibility of a longer sentence. See id. ("It is well established that a harsher sentence may be imposed on resentencing in such a context [i.e., where the prior sentence was illegal] without violating double jeopardy." (citing State v. Swider, 799 So.2d 388, 390-91 (Fla. 4th DCA 2001))).
To summarize, we conclude that the trial court retained jurisdiction to resentence Ms. Peterson on December 2, 2005, and that the sentence imposed on that date is in effect. Because that sentence does not violate principles of double jeopardy and is not otherwise illegal, we affirm it.

The Restitution Order  Case No. 2D04-5383
After Ms. Peterson entered a no contest plea, she was sentenced on a charge of scheming to defraud and obtaining property in an amount of $50,000 or more in violation of section 817.034(4)(a)(1), Florida Statutes (1994), a first-degree felony. The circumstances leading to the commission of the offense arose out of Ms. Peterson's employment as an office manager and bookkeeper for a building contractor (the Employer). The Employer had evidence tending to establish that Ms. Peterson had committed multiple misappropriations of money from the business over a period of six years. The total loss claimed by the Employer from these repetitive acts of misappropriation amounted to a substantial sum.
To determine the amount of restitution that Ms. Peterson owed to the Employer, the trial court held a lengthy restitution hearing that was conducted over a period of two days. At the hearing, the State presented an eleven-page, single-spaced compilation that detailed the numerous checks that the Employer claimed represented monies that Ms. Peterson had misappropriated. The amounts of the checks listed in the compilation totaled $188,805.42. In its order on restitution, the trial court excluded the amounts of several checks from the compilation's total as not having been proven by a preponderance of the evidence. After making these exclusions, the trial court arrived at an adjusted total of $179,990.49. The trial court ordered Ms. Peterson to pay restitution *1085 to the Employer in an amount equal to the adjusted total.
On appeal, Ms. Peterson raises two challenges to the amount of restitution that the trial court ordered her to pay. First, she contends that the trial court erred in its calculation of the amounts to be excluded from the Employer's claims as reflected in the compilation's total.[1] Second, Ms. Peterson contends that the trial court failed to account for the value of the services that she had provided to the Employer through her independent business known as "Peterson Computers."
On Ms. Peterson's first argument, our review of the record reveals that there are minor discrepancies in the trial court's list of the amounts to be excluded from the compilation's total. In addition, there appear to be errors in some of the check numbers referenced in the order. Accordingly, we vacate the restitution order and remand this case to the trial court with instructions to review the handful of checks identified by the parties as involving either transposition errors or classification errors and to enter an amended order on restitution.
Ms. Peterson's second argument also has some merit. The trial court included in its restitution order the total amount  approximately $7055  paid to Peterson Computers. However, Ms. Peterson conceded only that approximately $3300 of these payments were fraudulent. The State's witnesses  whom the trial court found to be credible  testified that Ms. Peterson did provide independent computer consulting services to the Employer for which she was entitled to some additional compensation. The State did not present any competent, substantial evidence at the hearing that Ms. Peterson had been compensated in some other way for these services. Therefore, the trial court erred in including the total amount paid to Peterson Computers in the restitution amount because this effectively valued the consulting services at zero, a finding not supported by competent, substantial evidence. On remand, the trial court must reduce the restitution amount to adjust for the value of the computer consulting services for which Peterson Computers was not otherwise compensated.
Judgment and sentence affirmed; order on restitution vacated; cases remanded with instructions.
SILBERMAN and LaROSE, JJ., Concur.
NOTES
[1] The State also contends that the trial court miscalculated the exclusion amount. However, the State claims that the exclusion amount should have been less, whereas Ms. Peterson claims that it should have been more.