958 So.2d 977 (2007)
Roxann PETERSON, Appellant,
v.
THERMA BUILDERS, INC., d/b/a Tom Craig Remodeling, Appellee.
No. 2D05-6018.
District Court of Appeal of Florida, Second District.
May 18, 2007.
*978 Roxann Peterson, pro se.
A. Christopher Kasten, II, of Bush Ross, PA, Tampa, for Appellee.
STRINGER, Judge.
Roxann Peterson appeals from the final summary judgment which found her liable to Therma Builders, Inc., for civil theft, fraud, conspiracy to commit fraud, conversion, conspiracy to commit conversion, and unjust enrichment and which awarded Therma Builders $124,382.50 in damages. The final summary judgment was predicated on Peterson's criminal conviction for scheming to defraud and the restitution order that was imposed as part of her sentence for that conviction. We affirm the final summary judgment against Peterson to the extent that it found her liable for damages, but we reverse the amount of damages awarded and remand for further proceedings.
In March 2002, Peterson was criminally charged with one count of scheming to defraud and obtaining property in an amount of $50,000 or more pursuant to section 817.034(4)(a)(1), Florida Statutes (2002). This criminal charge arose out of various irregular financial dealings that occurred while Peterson was employed as Therma Builders' office manager and bookkeeper. In June 2004, Peterson pleaded no contest to the criminal charge. Ultimately, she was sentenced to a period of incarceration followed by community control and probation. In addition, after a lengthy evidentiary hearing, the trial court ordered Peterson to pay restitution to Therma Builders in the amount of $179,990.49 as a condition of her community control and probation.
While the criminal charge was pending but before its resolution, Therma Builders filed a civil action against Peterson arising out of the same events that formed the basis of the criminal charge. The complaint sought damages for civil theft, fraud, conspiracy to commit fraud, conversion, conspiracy to commit conversion, constructive trust, unjust enrichment, fraudulent transfer, conspiracy to effect a fraudulent transfer, and equitable lien. After Peterson pleaded no contest to the criminal charge and after the restitution order was entered, Therma Builders moved for summary judgment in the civil action, contending that Peterson was estopped from denying her liability to Therma Builders in the civil action by operation of section 775.089(8), Florida Statutes (2003).
On November 1, 2005, the trial court granted final summary judgment in favor of Therma Builders in the civil action. No *979 transcript of the hearing on Therma Builders' motion for summary judgment is in the record. However, from the face of the final summary judgment, it is clear that the trial court made no independent findings as to the amount of damages to which Therma Builders was entitled in the civil action. Instead, it appears that the trial court simply noted the amount of restitution ordered by the criminal court, reduced that amount by payments Therma Builders had already received from Peterson, and entered judgment in favor of Therma Builders for the balance. Peterson now appeals this final summary judgment, challenging both the finding of liability and the amount of damages awarded.
The trial court's finding that Peterson was liable to Therma Builders in the civil action was predicated on section 775.089(8), which reads as follows:
The conviction of a defendant for an offense involving the act giving rise to restitution under this section shall estop the defendant from denying the essential allegations of that offense in any subsequent civil proceeding. An order of restitution hereunder will not bar any subsequent civil remedy or recovery, but the amount of such restitution shall be set off against any subsequent independent civil recovery.
The plain intent of this statute is to assist crime victims by eliminating the common law requirement of identity of parties that would otherwise prevent collateral estoppel from being used in a civil action based on a prior criminal conviction. Starr Tyme, Inc. v. Cohen, 659 So.2d 1064, 1067 (Fla.1995); Stafford v. Don Reid Ford, Inc., 920 So.2d 791, 793 (Fla. 5th DCA 2006). Under section 775.089(8), a defendant who is convicted in a criminal proceeding for the conduct that forms the basis of a civil claim is estopped from challenging in the civil action those matters that were actually and necessarily adjudicated in the criminal proceeding. Starr Tyme, 659 So.2d at 1068-69; Stafford, 920 So.2d at 793; J & P Transp., Inc. v. Fid. & Cas. Co. of N.Y., 750 So.2d 752, 753 (Fla. 5th DCA 2000); Paterno v. Fernandez, 569 So.2d 1349, 1350 (Fla. 3d DCA 1990).
In the criminal action at issue here, Peterson was charged with scheming to defraud under section 817.034(4)(a)(1). That statute defines a "scheme to defraud" as "a systematic, ongoing course of conduct with intent to defraud one or more persons, or with intent to obtain property from one or more persons by false or fraudulent pretenses, representations, or promises or willful misrepresentations of a future act." § 817.034(3)(d). The section under which Peterson was convicted applies to any person who engages in a scheme to defraud and who actually obtains property as a result of the scheme in an aggregate amount of $50,000 or more. § 817.034(4)(a)(1).
In this subsequent civil action, the parties do not dispute that Peterson was convicted of scheming to defraud. In addition, the parties do not dispute that restitution was ordered as part of Peterson's sentence. Thus, by operation of section 775.089(8), Peterson was estopped in this civil action from denying that she engaged in a course of conduct with the intent to defraud Therma Builders or with the intent to obtain property from Therma Builders by the use of false or fraudulent pretenses and that she actually obtained property with a value in excess of $50,000. Because Peterson is estopped from disputing these facts and because these facts support the trial court's finding that Peterson was liable to Therma Builders for damages, we affirm the final summary judgment in favor of Therma Builders on the issue of *980 liability.[1]See J & P Transp., 750 So.2d at 753 (noting that the issue of liability in a civil theft action is properly decided by summary judgment when section 775.089(8) forms the basis of the motion for summary judgment).
However, we must reverse the final summary judgment to the extent that it awards damages for two reasons. First, it does not appear that the trial court properly set off the amount of the restitution award against the civil judgment. While a crime victim is entitled to pursue both a criminal restitution award and a civil damages award, section 775.089(8) specifically requires that the amount of the restitution award be set off against the civil judgment so that the victim does not receive a double recovery. See Kirby v. State, 863 So.2d 238, 243 (Fla.2003). In addition, because the damages recoverable in a civil action may differ from those recoverable through restitution, the trial court must also ensure that it sets off against the civil judgment only those elements of damages already awarded in the criminal restitution order. Id.; cf. Weinstein v. State, 745 So.2d 1085 (Fla. 4th DCA 1999) (remanding for an evidentiary hearing on whether a civil settlement entered prior to entry of a restitution order encompassed all of the damages suffered by the victim and thus should be set off in its entirety against the restitution order).
Here, the final summary judgment contains no findings as to the amount of damages for which Peterson is civilly liable to Therma Builders. In addition, the final summary judgment contains no set off for the amount of the restitution ordered. Further, there is nothing in the record to establish that the damages awarded in the final summary judgment compensate Therma Builders for damages not already awarded in the restitution order. Thus, from the face of the judgment, it appears that the trial court has improperly awarded in the final summary judgment the same damages that were previously awarded in the restitution order with no set off to prevent duplicate recovery.
Second, even if the final summary judgment does not award duplicate damages, we must reverse for recalculation of the damages award because we have reversed the restitution order in the criminal case and remanded for recalculation. Peterson v. State, 32 Fla. L. Weekly D371, ___ So.2d ___, 2007 WL 283701 (Fla. 2d DCA Feb. 2, 2007). Assuming the trial court properly used the restitution order to determine the amount of the required set off under section 775.089(8), its calculations are no longer correct in light of this reversal. Accordingly, we reverse the damages awarded in the final summary judgment and remand for further proceedings after the restitution order in the criminal case has been reentered.
Affirmed in part; reversed in part; and remanded for further proceedings.
KELLY, J. and DAKAN, STEPHEN L., Associate Senior Judge, Concur.
NOTES
[1] We note that the question of whether Peterson conspired to commit fraud or conversion was not a fact actually and necessarily adjudicated in the criminal proceeding, and we question whether Peterson's conviction for scheming to defraud, standing alone, is sufficient to support the entry of final summary judgment against Peterson on these counts. However, Peterson has not raised this issue on appeal, and we are therefore prevented from addressing it.