ROTHENBERG, J.
This appeal stems from an action filed by Gus Andy (“the Plaintiff’) against Daniel G. Diaz (“the Defendant”), asserting claims for conversion (Count I) and civil theft under section 812.014(1), Florida Statutes (2001) (Count II). The trial court referred the parties to nonbinding arbitration on all issues, including attorney’s fees and costs, in accordance with section 44.103, Florida Statutes (2006), and Florida Rule of Civil Procedure 1.820.
The underlying facts, which are basically undisputed, are as follows. In 2001, the Defendant owned waterfront property with a private seawall. The Defendant’s seawall abuts a seawall that is across the street from the Plaintiffs property. The Defendant moored two vessels to his private seawall, and the Plaintiff moored his twenty-two foot 1973 Catalina sailboat to the seawall abutting the Defendant’s property. The Plaintiff purchased his sailboat for $8000 several years prior to Hurricane Andrew, which occurred in August 1992. When the Plaintiff purchased the sailboat, it was rigged with a mast, boom, and sails. During Hurricane Andrew, the mast, boom, and sails were lost, and this equipment was never replaced.
Aecording to the Defendant, the sailboat hull would bump up against his forty-eight foot vessel, causing damage. Although the Defendant allegedly complained to The City of Miami, the Department of Environmental Resources Management, and the Marine Patrol, no action was taken. In an attempt to determine who owned the sailboat, the Defendant hired a private investigator, and when the investigator’s research proved unsuccessful, the Defendant concluded that the sailboat hull had been abandoned. On December 3, 2001, the Defendant and another individual, without authority from the Plaintiff, removed the 1973 sailboat from the seawall, towed it out to Biscayne Bay, and anchored it.
The Defendant was subsequently arrested and charged with grand theft in the third degree. The Defendant, who had no prior criminal record and was subject to possible deportation if convicted, entered a pretrial intervention program, and paid $5000 in restitution to the Plaintiff, although the sailboat, as later determined by the arbitrator, was worth only $500 at the time. Following the Defendant’s successful completion of the pretrial intervention program, the State nolle prossed the grand theft charge.
On July 1, 2002, the Plaintiff sent a letter to the Defendant, stating that pursuant to section 772.11, Florida Statutes (2001),[1] he was demanding the immediate *700 return of the 1973 sailboat or payment of treble damages in the amount of $24,000, within thirty days.[2]
After the Defendant failed to return the sailboat or tender $24,000, the Plaintiff filed the instant civil action against the Defendant in December 2003. In his answer, affirmative defenses, and counterclaim, the Defendant asserted, in part, that the Plaintiff maliciously instituted this civil proceeding and that the $5000 in restitution he already had paid fully compensated the Plaintiff because the sailboat was worth substantially less.
On April 18, 2006, the Defendant served the Plaintiff with a motion for attorney’s fees pursuant to section 57.105(l)(b). Thereafter, on April 28, 2006, the trial court referred the action to nonbinding arbitration, ordering the arbitrator to consider all issues, including attorney’s fees and costs.
After the matter was heard, the arbitrator filed her written decision on September 13, 2006, finding as to the conversion and civil theft counts that the Defendant removed the “sailboat hull” with the intent to deprive the Plaintiff of its use, and that at the time of the removal, the fair market value of the “sailboat hull” was $500. As to attorney’s fees and costs, the arbitrator’s decision provides:
The above stated findings [as to intent to deprive and fair market value] entitle Plaintiff to an award of attorney’s fees and costs. Because the demand letter, dated July 1, 2002, did not state an accurate and substantiated value of damages pursuant to 772.11, Florida Statutes and, from the evidence and testimony presented, there were no obvious or reasonable offers of settlement from that date to the present, this award will not grant Plaintiffs attorney his full requested fees through August 8, 2006, or $35,460.00. The award of Plaintiffs attorney’s fees will be modified to include all fees up to the date of the demand letter, as well as 1) time spent to review the file and consult with prior counsel; 2) time spent attending hearings with the General/Special Master and Arbitrator, and Mediation conferences; 3) time spent appearing before the presiding Judge, and 4) time spent with regard to a proposal for settlement. The total of the amount awarded to Plaintiff for attorney’s fees and costs is 37.5 hours @ 300.00 per hour = $11,250.00.
Although the trial court ordered the arbitrator to determine all issues, including attorney’s fees and costs, the arbitrator’s written decision failed to address the Defendant’s claim for attorney’s fees pursuant to section 57.105(l)(b), and did not address whether the Defendant was entitled to a setoff as a result of the restitution payment to the Plaintiff.[3]
*701 On September 25, 2006, approximately twelve days after the arbitrator entered her written decision, the Defendant filed a “Motion for Rehearing of Arbitration Ruling” (“Motion for Rehearing”), arguing that the Plaintiff was not entitled to an award of attorney’s fees and costs. As to the statutory civil theft claim, the Defendant argued that a condition precedent to an award of attorney’s fees and costs is a written demand for $200 or the treble damage amount. See § 772.11. Since the Plaintiff knowingly sought substantially more than treble damages in his written demand, he was not entitled to an award of fees and costs. As to the conversion claim, the Defendant asserted that the prevailing party in a conversion action is not entitled to an award of attorney’s fees unless there is a separate statutory or contractual basis for the award, and that no such basis exists in this cause.
In addition to the Defendant’s arguments objecting to the Plaintiffs entitlement to an award of attorney’s fees, the Defendant argued that he was entitled to an award of attorney’s fees and costs under section 772.11 because the Plaintiff, by seeking $24,000 for a $500 sailboat hull, “raised a claim which was without substantial fact or legal support.” The Defendant also claimed that he was entitled to an award of attorney’s fees against the Plaintiff and his two attorneys under section 57.105(l)(b). The record reflects that the trial court did not rule on the Defendant’s Motion for Rehearing; address the Defendant’s entitlement to an award of attorney’s fees; or refer the cause back to the arbitrator to allow the arbitrator to address the Defendant’s motion for section 57.105(l)(b) attorney’s fees,and his entitlement to a setoff.
On October 6, 2006, the Plaintiff filed a Motion for Entry of Judgment Pursuant to Non-Binding Arbitration Award (“Motion for Entry of Judgment”), arguing that pursuant to section 44.103, Florida Statutes (2006),[4] and Florida Rule of Civil Procedure 1.820(h),[5] because the Defendant did not file a request for a trial de novo within twenty days of the arbitrator’s decision, the trial court must enter orders and judgments necessary to carry out the terms of the arbitrator’s decision. The trial court agreed, and thereafter, entered a final judgment in favor of the Plaintiff and *702 against the Defendant in the amount of $11,750 ($500 in damages and $11,250 in attorney’s fees). The Defendant’s timely appeal followed.
The Defendant contends that the trial court erred by entering final judgment in favor of the Plaintiff based solely on his failure to file a request for trial de novo within twenty days of the arbitrator’s written decision. Based on the circumstances of this case, we agree.
Section 44.103(2), Florida Statutes (2006), authorizes a court to “refer any contested civil action filed in a circuit or county court to nonbinding arbitration.” Upon completion of the arbitration process, the written arbitration decision must be presented to the parties. § 44.103(5); Fla. R. Civ. P. 1.820(g)(2). Thereafter, if a party does not request a trial de novo within twenty days of the service of the written arbitration decision, “the decision shall be referred to the presiding judge, who shall enter such orders and judgments as may be required to carry out the terms of the decision as provided by section 44.103(5), Florida Statutes.” Fla. R. Civ. P. 1.820(h); see Bacon Family Partners, L.P. v. Apollo Condo. Ass’n, 852 So.2d 882, 888 (Fla. 2d DCA 2003) (“If no motion for trial is timely served, then the trial court must enforce the decision of the arbitrator and has no discretion to do otherwise.”).
In the instant case, the trial court’s order referring the matter to nonbinding arbitration instructed the arbitrator to address all issues, including attorney’s fees and costs. The arbitrator’s written decision, however, failed to address the Defendant’s entitlement to a setoff and the Defendant’s motion for section 57.105(l)(b) attorney’s fees. Within twenty days of receiving the arbitrator’s written decision, the Defendant filed his Motion for Rehearing, notifying the trial court that the arbitrator failed to address his motion for section 57.105(l)(b) attorney’s fees. As there was further labor for the arbitrator to complete and the Defendant notified the trial court that it was seeking a rehearing to allow the arbitrator to address his request for section 57.105(l)(b) attorney’s fees, the Defendant’s failure to file a request for trial de novo within twenty days of receiving the arbitrator’s incomplete written decision did not render the arbitrator’s decision final.
We conclude that upon receiving the Defendant’s Motion for Rehearing, the trial court should have referred the matter back to the arbitrator to allow her to fully comply with the trial court’s referral order. Accordingly, we reverse the final judgment entered in favor of the Plaintiff, and remand for further proceedings. Upon remand, the trial court is instructed to refer this matter back to the arbitrator to allow her to reconsider her decision regarding attorney’s fees under sections 57.105(l)(b) and 772.11, in light of the following facts: (1) the Defendant paid $5000 in restitution to the Plaintiff through the pretrial intervention program; (2) the Plaintiffs demand letter sought payment of treble damages in the amount of $24,000, thereby asserting that the fair market value of the 1973 Catalina sailboat at the time of the theft was $8000; (3) at the time of the theft, the “sailboat hull” was worth nowhere near $8000, and in fact was later determined to be worth only $500; and (4) the Plaintiff and his attorneys knew or should have known that the “sailboat hull” was worth substantially less than $8000 as the Plaintiff purchased a functioning 1973 Catalina sailboat more than twenty years prior to the theft for $8000 and, at the time of the theft, the sailboat was no longer a functioning sailboat, as it was no longer rigged with basic sailboat equipment, such as a boom, mast, and sails. Additionally, the trial court is to *703 instruct the arbitrator to address the Defendant’s entitlement to a setoff.
Reversed and remanded with directions.

. Section 772.11 provides in relevant part as follows:
Any person who proves by clear and convincing evidence that he or she has been injured in any fashion by reason of any violation of the provisions of ss. 812.012-812.037 has a cause of action for threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and court costs in the trial and appellate courts. Before filing an action for damages under this section, the person claiming injury must make a written demand for $200 or the treble damage amount of the person liable for damages under this section. If the person to whom a written demand is made complies with such demand within 30 days after receipt of the demand, that person shall be given a written release from further civil liability for the specific act of theft by the person making the written demand.... In no event shall punitive damages be awarded under *700 this section. The defendant shall be entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim which was without substantial fact or legal support.... Nothing under this section shall be interpreted as limiting any right to recover attorney's fees or costs provided under other provisions of law.

. Although section 772.11 provides that prior to commencing a civil theft action, "the person claiming injury must make a written demand for $200 or the treble damage amount of the person liable for damages,” there is no doubt that the Plaintiff demanded much more than "the treble damage amount.” More than twenty years prior to the theft, the Plaintiff purchased the sailboat for $8000, and at that time, the vessel was a functioning sailboat — it was rigged with a mast, boom, and sails. However, at the time of the theft, the vessel did not have a motor, and it could not function as a sailboat because there was no mast, boom, or sails.

. Section 775.089(8), Florida Statutes (2006), provides in part: "An order of restitution hereunder will not bar any subsequent civil *701 remedy or recovery, but the amount of such restitution shall be set off against any subsequent independent civil recovery.” See Peterson v. Thermo. Builders, Inc., 958 So.2d 977, 980 (Fla. 2d DCA 2007) ("While a crime victim is entitled to pursue both a criminal restitution award and a civil damages award, section 775.089(8) specifically requires that the amount of the restitution award be set off against the civil judgment so that the victim does not receive a double recovery.").

. Section 44.103(5), Florida Statutes (2006), provides in relevant part as follows:
The arbitration decision shall be presented to the parties in writing. An arbitration decision shall be final if a request for a trial de novo is not filed within the time provided by rules promulgated by the Supreme Court.... If no request for trial de novo is made within the time provided, the decision shall be referred to the presiding judge in the case who shall enter such orders and judgments as are required to carry out the terms of the decision, which orders shall be enforceable by the contempt powers of the court, and for which judgments execution shall issue on request of a party.

. Rule 1.820, titled “Hearing Procedures for Non-Binding Arbitration,” provides in part as follows:
(h) Time for Filing Motion for Trial. Any party may file a motion for trial. If a motion for trial is not made within 20 days of service on the parties of the decision, the decision shall be referred to the presiding judge, who shall enter such orders and judgments as may be required to carry out the terms of the decision as provided by section 44.103(5), Florida Statutes.